THE CORN EXCHANGE BANK OF CHICAGO, Appellant, *v.* AL-
PHONSO W. BLYE, as Receiver, etc., Respondent.

The condition of an undertaking given by a defendant in an action to re-
cover possession of personal property, to reclaim the property replevied,
does not become fixed and determined until the final determination of the
action. He only becomes bound to surrender the chattels when the plain-
tiff has a right to enforce a judgment in his favor. That right does not
exist, where there has been an appeal from the judgment, until the appeal
is disposed of.

The requisition in such an action was not executed until a few days prior
to the trial. The defendant served the papers requisite to reclaim the
property before the trial, but the day specified for justification of the
sureties to his undertaking was not until after trial, which resulted in
favor of plaintiff; after entry of judgment plaintiff procured an order
to show cause, on which to move to set aside defendant's undertaking,
and also a stay of defendant's proceedings. Before the hearing of the
motion defendant appealed from the judgment, and proceedings to en-
force the same were stayed. *Held;* that the motion was properly denied;
that, as plaintiff had not secured the right to enforce his judgment, he could
not cut off defendant's right to reclamation.

(Argued April 13, 1886; decided April 27, 1886.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, made March 8, 1886,
which affirmed an order of Special Term denying a motion on
the part of plaintiff to set aside an undertaking given by the
defendant, for the purpose of reclaiming property replevied
herein.

The material facts are stated in the opinion.

*L. A. Gould* for appellant. A proceeding to replevy a chat-
tel, or to reclaim a chattel replevied, must be invoked and
perfected, if at all, before judgment. (Code of Civ. Pro.,
§§ 1694, 1703, 1704, 1717.) The right of the defendant to
the delivery of the property to him was dependent on the jus-
tification (of his sureties) upon notice. (*Grant* v. *Booth*, 21
How. Pr. 355 ; *Graham* v. *Wells*, 18 id. 376.) The appeal
from the judgment taken by defendant, and the stay of execu-
tion thereon, is no legal answer to the motion. (*Sixth*

*Ave. R. R. Co.* v. *Gilbert El. Ry. Co.*, 71 N. Y. 430.) The undertaking is fatally defective. (*Nichols* v. *Mac Lean*, 1 How. Pr. [N. S.] 370.) The order is appealable to the Court of Appeals. (*Wright* v. *Rowland*, 4 Keyes, 166; *Plimpton* v. *Bigelow*, 93 N. Y. 592; *Foote* v. *Lathrop*, 41 id. 361; *Tracy* v. *First Nat. Bk.*, 37 id. 523; *Leland* v. *Hathorne*, 9 Abb. [N. S.] 97; *Kain* v. *Delano*, 11 id. 29.)

*William Vanamee* for respondent. The order is not appealable. (*Howell* v. *Mills*, 53 N. Y. 322; *Lawrence* v. *Farley*, 73 id. 187.) There could be no final determination until the appeal from the judgment had been disposed of. (*Ball* v. *Gardner*, 21 Wend. 270; *Bennett* v. *Brown*, 20 N. Y. 99.) The undertaking is to be construed as taking effect from the time of its delivery. (*Diossy* v. *Morgan*, 74 N. Y. 11; *Decker* v. *Judson*, 16 id. 439; *Lee* v. *Clark*, 1 Hill, 56.) It was no ground for setting the undertaking aside that it was not in absolute conformity with the provisions of the Code. (Code, § 730.)

*Per Curiam.* The plaintiff brought an action to recover of the defendant certain bonds, and caused to be executed and delivered to the sheriff a proper undertaking and requisition to take possession of the same pending the action. This was executed October 31, 1885. On November 5, 1885, the cause came on for trial, and a verdict was directed in favor of plaintiff, and a judgment entered thereon, which judgment, together with a notice of entry, was duly served upon defendant, November 7, 1885. The defendant, within the time prescribed, served an undertaking to reclaim the bonds, with notice of justification of the sureties, on November 9, 1885, two days after entry of judgment. Plaintiff procured an order to show cause on which to move to set aside the defendant's undertaking, and obtained a stay of defendant's proceedings. Pending the motion to set aside the undertaking and before the hearing thereon, an appeal from the judgment was taken by the defendant, and proceedings to enforce the judgment were stayed. The motion when heard by the Special Term was

denied, and according to the opinion of the General Term it was disposed of upon the ground that the plaintiff had not secured the right to enforce the judgment obtained, and could not, therefore, cut off the defendant's rights initiated by the proceedings under section 1704 of the Code of Civil Procedure.

The appellant claims that there is no right in the defendant to reclaim chattels after a trial of the action upon the merits, and the entry of a judgment against defendant, which adjudges the delivery and possession of the chattels to the plaintiff, and it relies upon certain provisions of the Code relating to the subject, viz.: §§ 1694, 1703, 1704, 1717.

The answer to this position is that the condition of the undertaking did not become fixed and determined until the final determination of the action, and this could not be until the appeal had been disposed of. The defendant only became bound to deliver the chattels recovered when the plaintiff had a right to enforce a judgment in its favor. This right did not exist so long as the appeal was pending. Upon the judgment being finally affirmed upon appeal, the contingency would happen upon which the liability of the sureties would be fixed and determined, and a delivery of the chattels would be finally adjudged. In the meantime, the proceedings had for justification of the sureties before judgment was entered could be completed afterward, and before judgment was obtained upon which the final liability of the sureties depended. The failure of the sureties to justify, and of the allowance of the undertaking, was caused by the stay of proceedings granted on the order to show cause why the undertaking should not be set aside, and the defendant was thus prevented from perfecting the undertaking. The stay mentioned became vacated when the motion was denied. If the defendant's undertaking, the perfecting of which had been stayed, was defective and insufficient, ample provision is made for amending it, which amendments may be allowed by the court in furtherance of justice. It is not now necessary to determine how this should be done, as it is for the Supreme Court to regulate its own practice,

etc. There is no sufficient reason for setting the undertaking aside upon this motion because it is not in conformity with the provisions of the Code. Such objection would properly arise upon the application for the allowance of the undertaking, and if at that time the objections were deemed valid by the judge, it could be amended.

The opinion of the General Term mainly covers all the questions raised.

The order should be affirmed.

All concur, except ANDREWS, J., not voting.

Order affirmed.