The Commerce Exchange National Bank of Chicago, Respondent, *v.* Alphonzo W. Blye, as Receiver, etc., Appellant.

In an action of replevin, the property replevied was returned by the sheriff to the defendant, upon his executing and delivering to the sheriff the notice, affidavit and undertaking required by the Code of Civil Procedure (§ 1704). The plaintiff obtained judgment in the action for the return of the property, or in case a return could not be had, for its value as fixed by the judgment, and also for an amount specified therein as damages for the detention. The defendant appealed from the judgment, which was affirmed, and thereupon the property was returned by defendant to plaintiff. *Held,* that an action was not maintainable, on the part of the plaintiff, to recover damages for depreciation in the value of the property, accruing during the period between the trial and the return of the property; that when the sheriff took the property, it passed into the custody of the law, defendant's detention, considered as a tort or wrong, was ended, and by complying with the prescribed conditions, he became "entitled to the possession" (Code Civ.

Pro. § 1702), and the risk of depreciation, thereafter, rested upon him who proved to be the ultimate owner.

The provision of said Code, (§ 1691), declaring that when a chattel is replevied and a final judgment awards the possession to the defendant, the judgment, "unless it was rendered against him upon the merits," does not affect plaintiff's right to maintain an action to recover damages for taking or detaining the chattel, relates simply to an unsuccessful plaintiff and a judgment not obtained on the merits, not to a case where judgment was rendered on the merits in his favor.

(Argued June 17, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of May, 1890, which affirmed a judgment in favor of plaintiff entered upon an order overruling a demurrer to plaintiff's complaint.

The material allegations of the complaint are stated in the opinion.

*William Vanamee* for appellant.    The act of the defendant constituted one, entire, inseverable and indivisible wrong, out of which could arise only an entire and indivisible demand. (Freeman on Judgments, § 241; *Whitney* v. *Clarendon*, 10 Vt. 252.)    The weakness of the position that the defendant committed a new act of detention and appropriation the moment the original judgment was rendered on the verdict of the jury, is apparent when it is remembered that the property was at that time in the custody of the law and so remained until the final judgment of the court.    (*F. N. Bank* v. *Dunn*, 97 N. Y. 149; *Walker* v. *Osgood*, 53 Me. 422; *Hogan* v. *Lucas*, 10 Pet. 400; *Coral* v. *Hyman*, 111 U. S. 179.)    The complaint specifically avers that in the former action the plaintiff recovered "$2,315.88 damages for the detention" of the bonds in question.    This recovery constitutes a bar to the maintenance of this action.    (*Gibbs* v. *Cruikshank*, L. R. [8 C. P. Div.] 454; *Savage* v. *French*, 13 Bradw. 17; *Karr* v. *Barstow*, 24 Ill. 280; *Bennett* v. *Hood*, 1 Allen, 47; *King* v. *Hoare*, 13 M. & W. 494; *Farrington* v. *Payne*, 15 Johns. 432; *McCaffrey* v.

*Carter*, 125 Mass. 330.) The damages averred in the complaint rest in pure speculation, and the complaint, for this reason, fails to state a cause of action. (*Marvin* v. *Prentice*, 94 N. Y. 295; *Hurd* v. *Birch*, 11 N. Y. S. R. 870; *Odell* v. *Hole*, 25 Ill. 204; *Walker* v. *Osgood*, 53 Me. 322.)

*L. A. Gould* for respondent. The complaint states a good cause of action against defendant. (Code Civ. Pro. §§ 1691, 1722.) Appellant's theory would defeat all recovery of damages for the wrongful detention of chattels accruing after the commencement of an action to recover the chattels themselves. (*Brewster* v. *Siliman*, 38 N. Y. 423; *Allen* v. *Fox*, 51 id. 562; *N. Y. G. & I. Co.* v. *Flynn*, 55 id. 653; *Sawyer* v. *Dean*, 114 id. 469, 481.)

FINCH, J. The judgment rendered in this case is without precedent, and opens new possibilities of litigation if sustained by this court. The question arose on demurrer. The complaint alleged that the defendant became receiver of the Middletown National Bank in November, 1884, and, as such receiver, came into possession of forty-six coupon bonds of the West Point Manufacturing Company, a corporation organized under the laws of Nebraska; that plaintiff was entitled to the possession of said bonds, having a special property therein; that in December, 1884, the plaintiff demanded of defendant, possession of said bonds, which was refused; that plaintiff thereupon brought an action in the Supreme Court to recover possession of the bonds, and damages for their detention; that the defendant interposed as a defense, a claim of ownership on the part of the bank, a denial of plaintiff's title, and the allegation that Poole and Sherman were the real parties in interest. The complaint further alleged that the issues thus raised were tried before the court and a jury in November, 1885, and such issues were determined wholly in plaintiff's favor, and judgment was rendered in his favor for a return of the bonds or their value, fixed at the sum of $23,000, and for damages occasioned by the detention to the amount of

$2,315.88; the judgment further providing for a recovery of the adjudged value if a return could not be had : that the date of the trial was November 5, 1885 : that the defendant appealed to the General Term, where the judgment was affirmed, and then to this court where it was again affirmed, and upon filing the remittitur in the Supreme Court final judgment was entered on or about June 10, 1889 : that defendant " failed, neglected and refused to deliver to plaintiff said bonds " at the time of the trial or thereafter, until on or about June 14, 1889, and that during such interval the bonds " were injured and damaged and depreciated in value in the sum of $20,000," and judgment was demanded accordingly. To this complaint the defendant demurred, claiming that it stated no cause of action, but the demurrer was overruled, and that decision affirmed by the General Term.

The complaint discloses a single tort, which has formed the subject of an action and been redressed by a judgment therein. It alleges no new or separate demand, but simply a continuance of the refusal to obey it, after judgment and pending the appeals therefrom. If the defendant's continued possession during that interval was a wrong at all, it was not new or separate, but a continuance of that sued upon, and dependent upon the demand proved in that action. At the most, the complaint shows an extension of the damages beyond the date of the trial judgment, and growing out of the delay inseparable from the defendant's right of appeal, and so we are required to say, if we affirm this judgment, either that the damages flowing from a single wrong may be divided into two parts, and each part form the subject of a separate action, or that the exercise by the defendant of the right of appeal upon the precise terms and conditions dictated by the law constitutes a new and illegal detention of the property in controversy. The first proposition is of course inadmissible, and the judgment must stand, if at all, upon the second, and that necessarily involves a conclusion that the appeals taken, by reason of the delay which they occasioned, constituted a new detention and a new wrong for which a separate action could be maintained.

Neither reason nor authority justify that conclusion. The appeals were taken by the defendant in pursuance of a lawful right and in performance of a clear duty. No question of his good faith is raised and the damages claimed were caused by no act of his. Appointed receiver of the bank, he found these bonds among the assets, and took them into his possession lawfully and as his duty was. When the plaintiff made his demand the receiver was justified in resisting it in behalf of those whom he represented, and in submitting the controversy to the determination of the courts. The bonds were of course liable to fluctuations in value, and having that fact in mind the plaintiff deliberately selected his remedy. He might have sued simply for the conversion of the bonds and recovered their value and damages for their detention, and so have thrown upon the defendant their ownership after judgment and the risk of future depreciation incidental to that ownership. Instead of that he chose to pursue the bonds themselves and seek their recovery under the provisions of the Code. He knew that his judgment, in the event of his success, would be in the alternative, and that the defendant would be at liberty to return the property itself instead of paying the adjudged value, and that depreciation would follow the ownership when not awarded as an element of damages in the action. Accordingly he replevied the bonds. But the defendant had the lawful right to require their return to him pending the litigation, upon executing the prescribed affidavit and undertaking. Section 1702 of the Code provides that "a sheriff who has replevied a chattel must retain it in a secure place until the person who is entitled to the possession thereof is ascertained as prescribed in this article." And so the sheriff took the property and it passed into the custody of the law, and the defendant's detention considered as a tort or a wrong ended. But he could become "entitled to the possession" under the Code as a stakeholder, so to speak, for the purposes of the litigation and he did so become "entitled to the possession" executing as a condition the required undertaking. The sheriff lawfully delivered him the property and he accepted it in accordance

with the law of the remedy, and it might seem that from that moment the risk of depreciation rested upon him who should prove to be the ultimate owner, had not the Code formulated the rule, which this court in the interest of justice had already declared, that depreciation down to the date of the trial could be recovered as damages for the detention. (*Brewster* v. *Silliman*, 38 N. Y. 423; Code, § 1722.) Neither the case nor the Code go any further. The former explicitly declares that "if the property had depreciated the defendants have it in their power (unless by their further voluntary act they have deprived themselves of the power) to restore the property when the execution issues, and pay no damages for depreciation, but only the interest on the value when taken." And the Code provides that where the property has depreciated while in defendant's possession under such circumstances that a recovery therefor could have been had in a personal action against the defendant, the same damages may be recovered in an action in the nature of a replevin. Neither the case cited nor the Code authorize an action for depreciation after judgment and pending an appeal.

The respondent relies somewhat upon section 1691 of the Code. That provides that, where a chattel is replevied and a final judgment awards the possession to the defendant, no subsequent action can be maintained by the plaintiff for the same cause of action, "but the judgment does not affect his right to maintain an action to recover damages for taking or detaining the same or any other chattel unless it was rendered against him on the merits." The section relates to an unsuccessful plaintiff not beaten on the merits. Here the judgment was rendered on the merits and in favor of the plaintiff.

We cannot admit that the taking of an appeal by the defendant constituted a new and separate detention of plaintiff's bonds because they remained in defendant's possession after delivery to him by the sheriff in accordance with the law of the chosen remedy. If that be so, added perils will surround appeals, and a prolific source of new actions will come into existence, and it will be difficult to say that one

class of damages resulting from the law's delay may be recovered and all others be excluded. We think the right of appeal cannot be converted into a tort or wrong, and the delay it produces serve as a basis for a new action, and that the judgment already rendered closed the entire controversy.

The judgment should be reversed and final judgment be rendered upon the demurrer in favor of the defendant, with costs.

All concur.

Judgment reversed.