[No. 13178.   In Bank. — March 3, 1891.]

G. A. SWASEY, RESPONDENT, v. C. H. ADAIR ET AL., DEFENDANTS, AND O. ADAIR, APPELLANT.

| 88  203|
|124  333|

CLAIM AND DELIVERY — APPEAL — SUPERSEDEAS — BOND FOR REDELIVERY. — A judgment for the plaintiff in an action for the recovery of personal property is immediately enforceable, unless the defendant gives a stay bond; and the fact that the defendant has given a bond for redelivery does not entitle him to an order of the appellate court staying proceedings on the judgment appealed from.

ID. — GROUNDS FOR STAY OF EXECUTION — APPLICATION TO SUPERIOR COURT. — Grounds for staying execution of a judgment, other than upon the taking of an appeal, cannot be urged upon a motion for a writ of *supersedeas* in the appellate court, but should first be presented in the trial court, and brought to the appellate court, if at all, upon appeal from the order of the superior court.

APPLICATION to the Supreme Court for a writ of *supersedeas* to the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John F. Burris*, and *M. G. Cobb*, for Petitioner.

*C. K. Royce*, for Respondent.

BEATTY, C. J. — This is an action brought under sections 509 et seq. of the Code of Civil Procedure for the recovery of certain personal property, consisting of the furniture of a lodging-house.

The plaintiff, at the commencement of the action, filed the necessary affidavit and undertaking, and demanded the delivery of the property to him.

The defendants are husband and wife, but they appeared separately in the action, and the husband made no defense. The wife, Mrs. O. Adair, filed an answer, claiming the property as her own, and gave a bond, conditioned as required by law, whereupon the property was redelivered to her. At the trial, she and her husband both failed to appear, and judgment was entered against

them jointly for the return of the property, or its value, two thousand five hundred dollars, and for costs. Subse. quently, upon her motion, the judgment against her was set aside, and a new trial granted to her; but apparently the judgment as against her husband was allowed to stand. The case was thereafter tried upon the issues made by her answer to the complaint, and a second and separate judgment rendered against her for the return of the goods, or their value, fixed at two thousand dollars, and for costs. From this judgment, and from an order denying her motion for a new trial, she has appealed to this court, giving the ordinary undertaking for three hundred dollars, but no undertaking to stay proceedings.

The plaintiff and respondent has caused execution to be issued, not upon the judgment appealed from, but upon the first judgment entered, as above stated, against the appellant and her husband, and left to stand against him when set aside as to her. Under this execution the sheriff is threatening to take the property in controversy from the possession of a Mrs. Shaeffer, who claims it as a vendee of a party to whom it was sold and delivered by the appellant after its redelivery to her.

Upon a verified petition showing these facts, appellant now moves this court for a writ of *supersedeas* directing the sheriff to return said execution and commanding a stay of all proceedings on said judgment pending the determination of her appeal.

The case presents some anomalous features. There are two separate judgments in favor of the plaintiff for the return of the same goods, or their value, fixed in one judgment at two thousand five hundred dollars, and in the other at two thousand dollars; one judgment being against C. H. Adair, the husband, and the other being against the appellant, Mrs. O. Adair, his wife. Execution is issued on the judgment against the husband, and under it the sheriff is threatening to take the goods in controversy from the vendee of the wife, to whom they

were sold after redelivery to her upon her giving the statutory undertaking.   (Code Civ. Proc., sec. 514.)

In aid of her appeal from the judgment against her, and for the protection of her vendee, appellant asks us to stay proceedings upon the judgment against her husband, from which there has been no appeal.

Several questions arise upon this state of facts, but we shall confine ourselves to a discussion of those which we deem essential in the disposition of the motion before us.

It seems impossible that the sheriff could rightfully take the goods from appellant's vendee under an execution issued upon a separate judgment against C. H. Adair, between whom and said vendee there is no sort of privity; but whether we can, on this appeal, interfere with the proceedings on that judgment is a question not free from difficulty, and one which we do not care to decide, unless it is clear that the appellant is entitled to a stay of proceedings on the judgment from which she has appealed.

Is she then entitled to such stay without having given a stay bond?

It is contended that in this respect the action of replevin differs from other actions, and that the defendant, having given the redelivery bond prescribed by section 514 of the Code of Civil Procedure, is entitled to retain the property, until the final determination of the case on appeal, without other security.

In support of this proposition we are referred to the language of said section, to section 1247 of Cobbey on Replevin, and to *Corn Exchange Bank* v. *Blye*, 102 N. Y. 305; but we find nothing in either of the citations to support the contention of appellant.

The language of section 514 of the Code of Civil Procedure is not at all inconsistent with the proposition that a judgment for plaintiff, in an action for the recovery of personal property, is immediately enforceable by a return of the property in specie, unless the defendant gives an

additional bond to stay proceedings pending his appeal. On the other hand, section 943 of the Code of Civil Procedure expressly provides that " if the judgment appealed from direct the delivery of . . . . personal property, the execution of the judgment cannot be stayed by appeal, unless the things directed to be delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of the appellant . . . . to the effect that the appellant will obey the order of the appellate court upon the appeal."

For these reasons, we think the appellant is not entitled to an order of this court for a stay of proceedings on the judgment from which she has appealed. In other words, we consider that we can grant such relief on the mere motion of an appellant, and as an incident of our appellate jurisdiction, in those cases only where the appeal has been so taken and perfected as to operate a stay according to the provisions of the statute.

There are, of course, other grounds beside the taking of an appeal for staying execution of a judgment, and several such grounds are presented in this motion. But these, we think, should be presented in the superior court, by some proper motion or proceeding there, and brought here, if at all, by appeal from the orders of the superior court.

It is contended, for instance, that the redelivery bond given by the appellant extinguished plaintiff's property in the goods, and that it is a bar to a judgment for their return in specie. It is further alleged that suit has been commenced against the sureties on that bond, and that this estops the plaintiff from reclaiming the goods. It is contended that the judgment against C. H. Adair is no longer in force, being necessarily set aside by the order vacating it as to the appellant. But whatever merit there may be in these propositions, we do not think they can be made the ground of an original motion in this court.

The motion of the appellant for a writ of *supersedeas* is denied, and the order heretofore made for a temporary stay of proceedings is hereby vacated and annulled.

DE HAVEN, J., McFARLAND, J., HARRISON, J., SHARP-STEIN, J., PATERSON, J., and GAROUTTE, J., concurred.