GEORGE D. CLARK, Appellant, v. WILLIAM HOOPER, as Executor, etc., of JOHN WOODWARD, Deceased, Respondent.

*Replevin in Justice's Court — return of the chattel to the defendant before the return day — undertaking — justification of sureties.*

The undertaking, required by section 2925 of the Code of Civil Procedure, to entitle the defendant in a replevin suit in a Justice's Court to a return of the replevied chattel before the return day of the summons, need not have subjoined to it, at the time it is filed with the justice, the affidavit of justification of sureties prescribed by section 812 of the Code of Civil Procedure.

*Semble*, that even if such affidavit of justification should be attached when the undertaking is filed, that the omission to do so may be disregarded under section 729 or supplied on the return day by permission of the justice granted under the authority of section 730 of the Code of Civil Procedure.

APPEAL by the plaintiff, George D. Clark, from a judgment of the Supreme Court dismissing his complaint, entered in the office of the clerk of Essex county on the 25th day of March, 1891, on a decision of the court, rendered upon a trial by the court without a jury.

*John H. Cunningham*, for the appellant.

*Robert Dornburgh*, for the respondent.

PUTNAM, J.:

This action was brought under the provisions of section 2928, Civil Code. Defendant's testator was a constable of Ticonderoga, Essex county, and as such, on November 6, 1886, replevied a colt from the plaintiff by virtue of a summons, affidavit, undertaking and requisition in an action in Justice's Court. The summons was returnable on November thirteenth.

On the twelfth of November plaintiff filed with the justice a notice that he required a return of the chattel replevined; also an affidavit that he was the owner of the same and an undertaking for $400, with two sureties, duly acknowledged. No question was made upon the trial as to the proper form of such papers. The undertaking was not accompanied with any affidavit of justification of the sureties as required by section 812, Civil Code, nor was such undertaking approved by such justice. On the thirteenth day of November, the return day of the summons, the parties appeared before said justice and the plaintiff in the replevin suit took the

proper objection to the sufficiency of the undertaking, without such affidavit, to be effectual for the return of the property replevied, which objection was overruled. The defendant in such replevin suit offered sureties to justify and they were examined, against the objections and exceptions of plaintiff in that suit, and they made the affidavit showing that they were each residents and freeholders in said county, and were worth the sum of $400 over and above all liabilities that they owed or had incurred, and exclusive of property exempt by law from levy and sale under execution. Said sureties were then further sworn and examined, and the justice approved of the sureties to the undertaking and allowed the same, and wrote his approval and allowance upon the undertaking. On the same day, November thirteenth, the defendant's testator had notice of such allowance, and the plaintiff herein (the defendant in said replevin suit), demanded the said colt, and that the same be delivered to him. Defendant's testator refused to deliver said colt to the plaintiff and delivered it to the plaintiff in said replevin suit.

It will be seen by the above statement that the only question for our consideration is whether the undertaking which the plaintiff in this action (the defendant in the action before the justice) gave in pursuance of section 2925, Civil Code, required the affidavit of justification prescribed by section 812, Civil Code, to be subjoined thereto when filed with the justice, and his approval thereon at that time, as held by the trial judge, or otherwise.

It is apparent that such an affidavit and approval, if required, can serve no useful purpose. Under the provisions of the statute the undertaking may be filed at any time before the return day, and the sureties are required to justify upon the return of the summons, and it is at that time that the justice has authority to allow the undertaking. The undertaking has no effect, no proceedings are taken thereon, nor can the same be allowed until the return day of the summons. It would seem a useless ceremony, therefore, to require an affidavit of justification on the undertaking when filed, inasmuch as the justice cannot act in the matter until the return of the summons, and the sureties are required to then justify.

Section 2925 (*supra*) requires an undertaking similar in all respects to those required by sections 1704 and 1712, Civil Code. Judge RUMSEY, in his valuable Practice, holds that an undertaking given

under section 1704 does not require an affidavit of justification by the defendant's sureties to be delivered to the sheriff; that the only requirement is that the sureties shall afterwards justify pursuant to the provisions of section 1705. 3 Rumsey's Pr. 191.

Nor, in our judgment, do the requirements of section 812, as to the justification of sureties, apply to the undertaking required by section 2925 (*supra*). The former section should not be deemed applicable, for the reason that the latter provides for the personal attendance of the sureties before the justice on the return of the summons, and their justification at that time, and sections 2925 and 2926 evidently contemplate an allowance of the undertaking after such justification. In other words, the provisions of section 812, as to an affidavit of justification by the sureties, do not apply because other provisions are made for such justification in sections 2925 and 2926.

In cases where no justification of the sureties is required, unless an exception to their sufficiency is taken, there is a propriety in requiring an affidavit of justification to be appended to the undertaking *when filed.* But under section 2925 the sureties are required to justify on the return day of the summons before the justice, and in the presence of the parties, without any exception. Proof of the sufficiency of the sureties is then made, and the justice then allows the undertaking. Therefore, a prior affidavit is not required. (See 3 Wait's Law & Prac. [5th ed.] 219.)

Were it otherwise, however, if there should have been an affidavit of the sureties appended to the undertaking in question when filed, yet, as we have seen, the defect was not material. The affidavit, as above suggested, could serve no useful purpose, and, therefore, the defect was one that might properly be disregarded, pursuant to the provisions of section 729, Civil Code. Or the justice could properly allow an affidavit of justification to be appended to said undertaking on the return day, as he did, under the authority of section 730, Civil Code. These sections apply to Justices' Courts. (§ 3347, Civil Code, subd. 6.)

The judgment must be reversed, and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide event.