them there,—so that it is quite clear that the whole scheme is one to evade the statute,—the fact that a lawfully organized corporation carries on the business does not prevent it from being a common rum-selling establishment, and takes it out of the exception. Black, Intox. Liq. § 142. In the book just cited the authorities upon the subject are collated, and the rule just above laid down is to be clearly evolved from them. 11 Am. & Eng. Enc. Law, 727. Where it appears plainly that the corporation exists solely for the purpose of carrying on an establishment for selling intoxicating liquors to any one who chooses to buy them, the court is not bound to stop with the fact of its organization, but may examine into the whole case, and, if it concludes that it is organized for the purpose of evading the statute, it is at liberty to say so, and revoke the certificate, as it might revoke the certificate of any other person who sold liquors illegally. For these reasons we think that the court below erred in denying the motion to revoke the certificate, and its order should be reversed, with $10 costs and disbursements, and the motion to revoke the certificate granted, with $25 costs and the disbursements of the proceedings. All concur.

(25 App. Div. 461.)

BELL et al. v. MORAN.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

1. ATTACHMENT—JUSTIFICATION OF BOND—AMENDMENT.
    The fact that an affidavit of justification, accompanying but not part of an undertaking in attachment in a justice court, subscribed by the surety, purported in the body thereof to have been made by plaintiff, does not constitute a jurisdictional defect, and the justice has a right to permit an amendment thereto showing that it was the surety who in fact justified.

2. APPEAL—PRESUMPTIONS.
    Errors must be affirmatively pointed out on appeal, since no presumption will be indulged in that an error has been committed in the trial court.

3. SAME—OBJECTIONS.
    The objection of defendants to an affidavit of justification of a surety, accompanying an undertaking in attachment, and also to the allowance of an amendment thereof so as to make it conform to the facts, is insufficient to raise the question whether the amendment as made was effectual to remedy the justification, without a renewal of the objection thereafter on that specific ground.

4. ATTACHMENT WRIT—RETURN—SUFFICIENCY.
    The statement on the face of an attachment writ that defendant was a nonresident of the state, together with the indorsement of service by the officer thereon, renders the return sufficient to support a judgment thereon, although the reason for delivering it to some other person than defendant, in whose possession the property attached was found, was not stated in the return, as provided by Code Civ. Proc. §§ 2910, 2915.

5. APPEAL—REVERSAL.
    County courts will not reverse a judgment of a justice court unless vital error has been committed, especially as regards a judgment taken by default, where defendant refuses to attend the trial, taking his chances of finding reversible error therein.

Appeal from Cattaraugus county court.

Action by George F. Bell and another against Thomas J. Moran. From a judgment of the county court affirming the judgment for plaintiffs given in a justice court, defendant appeals. Affirmed.

The following is the opinion of the court below (KRUSE, J.):

"No defense was made in the court below to the merits of the plaintiffs' claim, but the appellant now challenges the plaintiffs' right of recovery upon the evidence, and also seeks to avoid the effect of the judgment, and asks its reversal upon the ground that the attachment should have been vacated, the judgment being in rem, as no personal service of process was made upon the defendant. The particular grounds upon which this objection is based are the return of the officer who served the attachment and the form of the affidavit of justification accompanying the undertaking given on plaintiffs' behalf. I will consider these objections in the reverse order in which I have stated them.

"(1) The affidavit of justification appears to have been subscribed by the surety, but in the body purports to have been made by one of the plaintiffs, and therefore apparently relates to his financial condition and qualifications. It is quite apparent that this occurred through inadvertence. The appellant's counsel contends that this alleged defect is jurisdictional. In this I think he is in error. By subdivision 6 of section 3347 of the Code of Civil Procedure, the provisions of the Code (sections 728–730) as to defects in affidavits, bonds, and undertakings are made applicable to proceedings in justice's court, and under these provisions amendments of a more serious nature have been made without affecting proceedings or impairing their validity. Kissam v. Marshall, 10 Abb. Prac. 424, and note; Riley v. Skidmore (Sup.) 6 N. Y. Supp. 107; Hyatt v. Dusenbury, 5 N. Y. St. Rep. 846, 849; Clark v. Hooper, 69 Hun, 445, 23 N. Y. Supp. 447; Dale v. Gilbert (Sup.) 12 N. Y. Supp. 370. It is to be observed that the justification is no part of the undertaking. Its only purpose is to establish the sufficiency of the surety, and the liability of the surety upon the undertaking is in no manner affected thereby. It is, however, suggested that the attempt to remedy the defect of the justification was abortive and ineffectual. The return is not very clear as to just what took place nor just what the form of the affidavit of the surety. was. It appears that, when the objection to the insufficiency of the affidavit of justification was made, a motion was immediately made to amend the defect, and that this was objected to. The return of the justice states that John Pratt, the surety, was sworn in support of the motion. The minutes of the justice, attached to and forming a part of the return, set forth that the motion was made to insert the name of John W. Pratt in the place of George F. Bell, on the ground that it was a mistake in writing the name of Bell instead of Pratt, and that Pratt, the surety, is the one who actually swore to the affidavit. Pratt was sworn, and stated that it was his signature to the affidavit, and that he swore to the affidavit at the time. The amendment was allowed. The original affidavit of justification does not seem to be changed, and whether another affidavit was made or just what the details of the proceeding were do not appear. It is the duty of the appellant to point out affirmatively the errors. No presumption will be indulged in that an error has been committed in the court below, and it cannot be said that this affidavit of justification was insufficient after the proceedings had taken place before the justice to remedy the defect. Then, again, the defendant objected to the form of the original justification and to any amendment thereof. The attention of neither the justice nor the plaintiffs was directly called to the point that the proceedings with reference to the amendment were ineffectual and the justification still defective. If the defendant still desired to raise the question after the amendment had been allowed he should have so stated specifically, and renewed his objections, calling the attention of the court below to the defect. But the counsel for the appellant then claimed and now claims that the defect was jurisdictional, and that the justice had no right to permit the amendment to be made. As has been stated, this claim is untenable.

"(2) Another objection urged as a ground for vacating the attachment, and which it is contended invalidates the judgment, is that the return of the officer who executed the attachment is insufficient and fatally defective in not affirmatively showing that the defendant had no place of residence in the county. Section 2910 of the Code of Civil Procedure provides the manner of serving the summons and warrant of attachment in order to make the seizure under the attachment effectual. That part of the section which directly applies to the case is: 'Or if the defendant has no place of residence in the county, by delivering it to the person in whose possession the property attached is found.' Sec-

tion 2915 requires the officer to make a return, stating, among other things, the manner in which the warrant and inventory were served, and, if otherwise than by delivering a copy thereof to the defendant personally, the reason therefor, and the name of the person to whom the copy was delivered, unless the name is unknown to the constable, in which case the return must describe him so as to identify him as nearly as may be. It will be seen that, where the defendant is a nonresident of the county, the papers may be delivered to the person in possession of the property attached. While the return does not specifically state the reason for not serving the defendant personally to be that he was a nonresident, it does, however, upon the face of 'the attachment, appear that the defendant was not a resident of the state. And, assuming that the alleged omission is a vital objection, and that it has not been waived, I think that this statement, in connection with the indorsement of the officer thereon, makes the reason quite apparent for not serving the defendant personally, and that, for the purpose of sustaining this judgment, the two may be read together. It was so intimated with reference to two returns upon different papers in Proctor v. Whitcher, 15 App. Div. 227, 44 N. Y. Supp. 190. It seems to me that the objection was hardly proper as a ground for vacating the attachment. While the question was presented in the case last referred to in that form, yet there was another ground urged, and it does not appear that the court passed specifically upon the question with reference to the defective return. I have carefully examined the brief of the counsel for the appellant, which shows great research, but I do not think that the authorities referred to are at variance with the views which I have expressed. I think the evidence sufficient to uphold the judgment, and that the other questions raised by the appellant, and which I have not overlooked, are insufficient to justify the setting aside of the judgment. It is a rule well established that county courts are required in reviewing a judgment of a justice's court to sustain it unless some vital error has been committed, and this is especially true as regards a judgment taken by default where a defendant refuses to attend upon a trial, taking his chances of finding some error by which the judgment can be reversed. Helmick v. Churchill, 92 Hun, 524, 36 N. Y. Supp. 1028. Judgment affirmed."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

P. S. Collins, for appellant.
M. B. Jewell, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion delivered by KRUSE, county judge of Cattaraugus county.

---

(25 App. Div. 583.)

PEOPLE v. FREEMAN.

(Supreme Court, Appellate Division, First Department. February Term, 1898.)

1. CRIMINAL LAW—EVIDENCE—ACTS SUBSEQUENT TO OFFENSE.

Where it is sought to establish a prior act of illicit sexual intercourse by evidence of a subsequent act of the same nature, it should be made fairly to appear that the subsequent offense is in some way connected with the antecedent act, and that its tendency is either to establish that act or to corroborate prosecutrix with regard thereto.

2. SAME.

In a prosecution for rape of a girl under the age of consent, evidence that defendant and prosecutrix lived together from May 9th until June 11th is not admissible to show intercourse in the preceding January, where there is no proof of intercourse, or even familiarity, in the interim.

3. SAME.

Evidence that defendant, in a prosecution for rape of a woman under the age of consent, expressed an intention in August of going to Cuba, and tak-