## RICH et al. v. CONLEY.

(Supreme Court, Special Term, Chemung County. December 20, 1899.)

1. REPLEVIN—LIABILITY OF OFFICER—APPEAL.

An action cannot be maintained against a constable for retaining property taken under a replevin writ after the action is dismissed, where an appeal is taken, under Code Civ. Proc. § 2928, authorizing suit against an officer who has made a wrongful delivery of property replevied, to recover actual damages and a penalty.

2. SAME—DEFECTIVE BOND—AMENDMENT.

Code Civ. Proc. § 730, provides that a defective bond may be amended by the court on the application of the party who made it, and will then be valid from the time of its execution; section 3347, subd. 6, makes such provision applicable to justice courts; and Laws 1894, c. 615, §§ 103, 117, made the procedure and practice in justice courts applicable to the city

court of Elmira. *Held.* that it was error for the latter court to dismiss an action of replevin because the acknowledgment of the bond did not contain a United States revenue stamp, where the plaintiff had asked leave to amend the same.

**8. SAME—APPEAL—BOND.**

On an appeal from a judgment dismissing a replevin suit, no bond is required, as no execution can issue.

Action by Flora S. Rich and others against James A. Conley to recover damages and a penalty for a wrongful delivery of property replevied. Dismissed.

Roswell R. Moss, for plaintiffs.

Bacon & Aldridge, for defendant.

FORBES, J. This action was brought, under section 2928, Code Civ. Proc., to recover a penalty of $100, and also the value of certain personal property, as damages for its nondelivery to the plaintiffs by the defendant in this action under a levy made by the defendant for one Eugene Sherman, plaintiff in an action of claim and delivery. The usual undertaking was duly given, executed by sureties, in an action brought in the city court of the city of Elmira. The defendants in that action, who are the present plaintiffs, through their attorney, excepted to the sureties on said undertaking. On the return day of the summons, in the city court, these plaintiffs raised the question that the court had not obtained jurisdiction of the person of the defendant or of the subject-matter of the action in said court; raising particularly the question (appearing only for that purpose) that the acknowledgment to the undertaking did not contain a United States internal revenue stamp, and that the undertaking was therefore void. 30 Stat. c. 448 (Act 55th Cong., taking effect June 14, 1898). The plaintiff (Sherman) in that action was present by his counsel, and offered to justify upon said undertaking, which offer the plaintiffs' attorney in this action objected to, and that objection was sustained by the magistrate. The plaintiff in that action then offered to substitute a new undertaking. That was also objected to. The court ruled against the plaintiff therein, and that action was dismissed. The plaintiff in that action then served the proper notice, paid the costs in the court below, and appealed to the county court of the county of Chemung, where that action was pending on appeal at the time of the commencement of this action. These facts were shown on the trial of this action, and the defendant herein made an answer setting up all of the facts connected with the replevin suit, and claiming that the former action was still pending; that the property, under the replevin proceedings, was still in the hands of the defendant, as constable; and that the plaintiffs in the present action have no right to recover. At the close of the evidence each party asked for a direction of a verdict in its favor. The jury was discharged, and the case was finally submitted to this court November 14, 1899.

I am satisfied that this action ought not to be maintained—First, on the ground that the original replevin proceeding was merely dismissed in the court below, and that the merits of that action have

never been passed upon; second, that the appeal to the county court is still pending, undetermined, and that since then there has been no adjudication in said action, on the merits, so as to determine the right of the defendant to permit the delivery of the property to either party in that proceeding. Bank v. Blye, 102 N. Y. 305, 7 N. E. 49; Id., 123 N. Y. 132, 25 N. E. 208. The evidence shows that the property taken by defendant is in the custody of the law, awaiting the determination of said appeal.

While it is not very important in this action, and must be determined by that court on the appeal, I do not think the replevin proceedings in the court below should have been dismissed. Section 730, Code Civ. Proc., permitting an amendment of any defects in a bond or undertaking, applies to justice courts, and is expressly adopted by section 3347, subd. 6. Clark v. Hooper, 69 Hun, 445, 23 N. Y. Supp. 447; Bell v. Moran, 25 App. Div. 461, 50 N. Y. Supp. 982. See, also, Schedule A, Internal Revenue Law, Decision of Commissioner, § 39, June 13, 1898.

The proceedings and practice in justice court apply to the city court. Sections 103, 117, c. 615, Laws 1894. I do not think, therefore, that the plaintiffs in this action should be permitted, by a technical objection, to seek to invalidate the undertaking, and then object to the justification of the sureties, or the giving of a new undertaking as provided by law. This action is as for a penalty, and must be strictly construed. The action in the city court not having been tried or dismissed on the merits, there was no award of the possession of the property to either party in said action; nor, in my judgment, was the officer justified in turning the property over to these plaintiffs until the decision of the action on appeal. Bank v. Blye, 102 N. Y. 305, 7 N. E. 49; Id., 123 N. Y. 132, 25 N. E. 208. No demand for the return of the property to the defendants in that proceeding was made, and no undertaking was given by them in the court below.

In the cases last cited it is held that:

"The condition of the undertaking given by the defendant in an action to recover possession of personal property, to reclaim the property levied on, does not become fixed and determined until the final determination of the action. He only becomes bound to surrender the chattels when the plaintiff has a right to enforce a judgment in his favor. That right does not exist, where there has been an appeal from the judgment, until the appeal is disposed of."

It may be questionable whether the complaint in this action is sufficient on its face. Schroeder v. Becker, 22 Wkly. Dig. 261. In the case at bar no undertaking was necessary on the appeal. An undertaking is only necessary when it is desired to stay an execution, or to prevent the enforcement of a judgment rendered. In the replevin action the costs were paid, and the fee for making the return to the county court. No execution could be issued, and no stay was required. The case of Parkhurst v. Berdell, 110 N. Y. 386, 18 N. E. 123, does not apply.

The complaint must therefore be dismissed, with costs.