CLEMMONS v. GORDON et al.

(City Court of New York, General Term.  January, 1902.)

1. REPLEVIN—UNDERTAKING—JUDGMENT—APPEAL—CAUSE OF ACTION.
   Where in replevin an undertaking for the return of the chattels is given, and an appeal is taken from the judgment entered in such action, a cause of action does not accrue on such undertaking until the determination of such appeal.

2. ACTION—TIME OF COMMENCEMENT—COMPLAINT—AMENDMENT.
   Where an action is brought on an undertaking for the return of the chattels in replevin before the cause of action has accrued by the determination of the appeal from the judgment entered in such action, the court has not power at special term to allow an amendment creating a cause of action that did not exist at the commencement of the action.

Appeal from special term.

Action on an undertaking in replevin by William Frances Clemmons against Louis Gordon and others.  From an order granting leave to plaintiff to serve an amended complaint, defendant Louis Gordon appeals.  Reversed.

Argued before CONLAN, HASCALL, and O'DWYER, JJ.

Levy & Unger, for appellant.

Abraham A. Joseph, for respondent.

CONLAN, J.  Judgment was entered in the original action on February 20, 1901.  On March 16th following an appeal was taken to the general term of this court.  On April 25th this action was commenced.  The record therefore discloses that at the time of the commencement of this action the defendants in the former action had appealed from the judgment, and that appeal was still undetermined.  In the case of Bank v. Blye, 102 N. Y. 305, 7 N. E. 49, where the question was similar to the one presented on this appeal, the court says:

"The condition of the undertaking did not become fixed and determined until the final determination of the action, and this could not be until the appeal had been disposed of.  The defendant only became bound to deliver the chattels recovered when the plaintiff had a right to enforce a judgment in its favor.  This right did not exist so long as the appeal was pending."

It follows that this action was prematurely brought.  The court at special term had no power to grant an amendment creating a cause of action that did not exist at the time of the commencement of the action.  Order appealed from reversed, with costs.

Order reversed, with costs.  All concur.