GEORGE RUSHBROOK, Plaintiff, *v.* GLENN MEAD, Defendant.

(County Court, Erie County, May, 1911.)

Replevin — Proceedings for taking and redelivery of property — Delivery of property to plaintiff.

> Where a constable replevies chattels and the defendant neither excepts to the sureties nor demands the return of the chattels but the constable retains possession of them until after the plaintiff defaults and a nonsuit is granted, the plaintiff's right to receive the chattels is ended; and, if the constable then delivers the chattels to the plaintiff, he is liable to the penalty prescribed by section 2928 of the Code of Civil Procedure.

ACTION to recover a penalty under section 2928 of the Code of Civil Procedure.

Calvin S. Crosser, for plaintiff.

W. C. Crombie (Reginald F. Penton, of counsel), for defendant.

TAYLOR, J.   In July, 1910, one Max Weisberg brought an action before a justice of the peace in the town of Aurora, Erie county, against George Rushbrook, the plaintiff herein, to recover possession of certain chattels.   In that action the defendant herein, who is a constable in said town, replevied the property involved in said action.   The defendant therein, this plaintiff, did not except to the sureties two days before the return day of the summons (Code Civ. Pro., § 2924), nor did he before the return day of the summons serve on the justice an undertaking and notice that he required the return of the chattels.   Neither of these steps being taken by said defendant, it was the duty of the constable to " immediately deliver the chattels to the plaintiff."   Code Civ. Pro., § 2927.   He did not do this, but retained possession of the chattels.   On the return day of the summons, the plaintiff defaulted in appearing and a non-suit was granted.   This

ended that action and the defendant herein had no opportunity to answer and demand possession under section 2930, Code of Civil Procedure, and thus obtain the protection mentioned in Bown v. Weppner, 62 Hun, 579. Thereafter — in legal effect at any rate (Wood v. Bodine, 32 Hun, 354) — even accepting this defendant's statement that Weisberg got possession of the chattels without his consent, this defendant delivered the chattels to Weisberg, the plaintiff in the first action, which had been terminated on account of that plaintiff's failure to appear on the return day.

This action is brought to recover the hundred dollars penalty mentioned in section 2928 of the Code of Civil Procedure, on the theory that this defendant constable delivered the chattels to the wrong party in contravention of the statute. This defendant argues that his right to deliver the chattels to the plaintiff Weisberg on the return day of the summons, at any time before the return hour, was not terminable by the non-appearance of the plaintiff at the return hour. This argument seems to me to be unsound. The replevining by the constable and his subsequent acts pursuant thereto are all incidental to the action and, as I believe, dependent upon the existence of a pending action at the time each such act is performed. When that action failed, through the defendant's default, his rights as to thereafter obtaining possession of the chattels fell concurrently. And so, although after the dismissal of the action no " party " thereto in strictness existed, I believe and find that this defendant constable — not having strictly followed the letter of the statute as to delivery to the plaintiff — should not be permitted to enable that plaintiff to succeed in spite of his own default in appearing; that this defendant's delivery of the chattels was otherwise than as contemplated by said section 2927 and is within the purview and prohibition of said section 2928. Rest v. Conley, 64 N. Y. Supp. 333, 335, and cases cited.

This plaintiff may have judgment for $100 and costs.

Judgment for plaintiff.