Hicks *v.* Foster.

---

## Hicks *vs.* Foster.

In an action for slander, it is erroneous for the judge to charge the jury that they have a right to take into consideration the expenses to which the plaintiff has been put, by being compelled to come into court to vindicate her character.

13 663|
82h 336|
13b 663|
82 A.D 46|

Motion for a new trial, upon a bill of exceptions. The action was for slander, and was tried at the Erie circuit, in June, 1852. The judge, in his charge, in commenting upon the amount of

---

Hicks *v.* Foster.

---

damages, among other things, instructed the jury "that they had a right to take into consideration the fact that the plaintiff had been compelled to come into court in order to vindicate her character." To this part of the charge the defendant excepted. Verdict for the plaintiff.

*Eli Cook,* for the plaintiff, cited *Tillottson* v. *Cheetham,* (3 *John.* 56;) *Cook* v. *Ellis,* (6 *Hill,* 466;) *Bailey* v. *Dean,* (5 *Barb.* 303;) *Sedg. on Damages,* 39 *et seq.* and 487 *et seq.;* *Elliott* v. *Brown,* (2 *Wend.* 497;) *Boston Manuf. Co.* v. *Fish,* (2 *Mason,* 119;) *Burr* v. *Burr,* (7 *Hill,* 217;) *Washburn* v. *Gould,* (3 *Story's Rep.* 122, 136;) *Allen* v. *Blunt,* (2 *Wood. & Minot,* 121, 146.)

*S. G. Haven,* for the defendant, cited 2 *Greenl. Ev.* § 252, *and authorities in note;* 13 *How. U. S. R.* 363; 21 *Pick.* 382; 23 *Wend.* 435; *Code,* §§ 303, 305.

*By the Court,* MARVIN, J. As I understand the instruction of the learned judge, it was that the jury might take into consideration the expenses to which the plaintiff had been put, by being compelled to come into court to vindicate her character; so her counsel, in his argument before us, understood it. In my opinion, this proposition cannot be maintained. It may be conceded that the slander of the defendant was grossly malicious, and that in such a case the jury may give what have been called exemplary, vindictive or punitory damages. And it is not necessary here to enter upon an examination of the meaning which has been attached to those terms, by judges who have used them; nor the mooted question whether the damages, in this and certain other actions of tort, are to be simply a "compensation, recompense or satisfaction, to the plaintiff for the injury actually received by him from the defendant;" or whether the jury may "blend together the interest of society and of the aggrieved individual, and give damages not only to recompense the sufferer, but to punish the offender." (*See Sedg. on Damages,*

Hicks *v.* Foster.

39; 2 *Greenl. Ev.* § 253, *note, where these questions are learnedly considered.*)

In the present case, if the charge is to be sustained, it must be upon the principle that the plaintiff is entitled to the damages *consequent* upon the wrongful act of the defendant, and not upon the principle touching vindictive damages, as they have no application. The plaintiff is always entitled to such damages as are the natural and proximate consequences of the act complained of. The damages must be the result of the injury; if a necessary result, they are called general damages; if the damages are the *natural,* but not *necessary* result of the injury, they are termed special damages. (2 *Greenl. Ev.* §§ 254, 256. 1 *Ch. Plead.* 296, 346, 349. *Crain* v. *Petrie,* 6 *Hill,* 522. *Shannon* v. *Comstock,* 21 *Wend.* 457. 6 *Hill,* 650.) The damages must be a legal and natural consequence of the injury. They must be proximate, not remote, or depending upon contingencies.

These rules are general, and there are difficulties sometimes in applying them to a particular state of facts. They are, however, valuable rules, and should be carefully administered. We must stop at some point in the path of consequences, or we shall be involved in a labyrinth of difficulties, speculations and perplexities from which it will be difficult if not impossible to extricate ourselves. These rules have not always been applied in the same manner; hence it is difficult to reconcile all the cases; still their boundaries have been pretty clearly defined, and can be traced with reasonable certainty.

On the argument, the plaintiff's counsel insisted, that had the judge instructed the jury that they might take into consideration, in giving damages, that the plaintiff was obliged to employ and pay counsel; and that counsel fees could not be included in the costs to be taxed, such instruction would have been proper. *Elliott* v. *Brown,* (2 *Wend.* 500,) cited by the counsel, is authority to show that it is proper, if the jury desire it, to inform them, in an action of assault and battery, what verdict will carry costs. Ch. J. Savage, remarks, "it is the duty of the jury to ascertain what damages the plaintiff has sustained, and also how

Hicks *v.* Foster.

much the defendant ought to be *punished;* and if the jury consider the costs as a part of the amount which the defendant should pay, and wish to give no greater damages than barely enough to carry costs, or to give such sum as will not carry costs, they have a right so to do." This shows that the jury are to ascertain the plaintiff's damages ; and that they have a discretion as to *punishing* the defendant ; and that it is proper they should understand the amount of the verdict necessary to carry costs, so that they may consider its effect upon the question of *punishing* the defendant. These remarks of the judge proceeded upon the principle that the jury may give vindictive damages for the purpose of punishing the defendant, but they have no application to the principles upon which the *plaintiff* is entitled to recover the *damages he has sustained.* Those damages, if they are the natural, legal, and proximate result of the injury, he is always entitled to recover, whatever may be the effect upon the defendant, or the question of costs. In *Elliott* v. *Brown,* the judge says, the jury, after ascertaining the damages of the plaintiff and knowing the amount necessary to carry costs, may give a verdict that will not carry costs. The effect of this would be, as it often is, that the plaintiff, though successful in his action, recovering all his damages, actual and exemplary, may be a large loser by the litigation, having his own costs to pay. If, however, the plaintiff can sustain the principle put forth in that case, that the jury may take into consideration the expenses to which the plaintiff has been put in prosecuting his suit, and they act upon the principle, (as I maintain they must, if it is sound,) then there will be no risk in this class of actions, hereafter. The expenses of the plaintiff in employing counsel, &c. *not taxable,* will usually exceed the amount necessary to carry costs. *Elliott* v. *Brown,* however, has no application to the question we are considering. *The Boston Manufacturing Co.* v. *Fish,* (2 *Mason's R.* 119,) arose under the patent laws, containing peculiar provisions.

In *Burr* v. *Burr,* (7 *Hill,* 217,) the question was not involved. That was a question of alimony, and Senator Strong, in referring to actions at law for torts, cites no authority for his

Hicks *v.* Foster.

inquiry whether jurors are not daily charged to render verdicts that shall not only compensate the plaintiff for his suffering, but also enable him to remunerate his counsel. In *Barnard* v. *Poor*, (21 *Pick.* 381,) the court say, "Formerly a notion prevailed, that in *trespass and other actions sounding in damages*, a jury, being limited by no definite rule, might include in their estimate of damages, the *counsel fees and other costs of litigation*, not included in the taxable costs, but that it is now well settled that in such actions, such counsel fees and expenses cannot be taken in consideration by the jury in assessing damages, and if the jury include them it is erroneous." In *Lincoln* v. *The Saratoga and Schenectady Railroad Co.* (23 *Wend.* 425,) the action was case, for *negligence.* The judge charged the jury, among other things, that in enforcing redress for the injury the plaintiff must necessarily incur expenses not covered by his taxable costs, and that in estimating the damages which were left by law to their discretion, there was no impropriety in their taking such expenses into consideration, without specific proof. Ch. J. Nelson, in delivering the opinion of the court, remarks: "The charge as to expenses beyond taxable costs and counsel fees, in conducting the suit, as a specific item of damages to be taken into the account, I am inclined to think was erroneous. These have been fixed by law, which is as applicable to cases sounding in damages as in debt. The point has been expressly adjudged in Massachusetts, (21 *Pick.* 382,) and we think founded on principle."

It is suggested that in Lincoln's case the action was simply for *negligence;* that it was not a case where it was proper to give vindictive damages as in *malicious* slander. To this I assent, and refer to the case, and the case in Massachusetts, as showing the understanding of the courts, that if such damages may be given by the jury, it is upon the principle that they are *consequential*, not upon the principle touching exemplary or vindictive damages. In *Day* v. *Woodworth*, (13 *How. U. S. R.* 363,) the action was trespass *quare clausum fregit*, and for pulling down the plaintiff's mill dam. Justice Grier, in giving the opinion of the court, vindicated the principle allowing the jury to give

exemplary, punitive, or vindictive damages in certain actions, and remarked that damages assessed by way of example may indirectly compensate the plaintiff for money expended in counsel fees, but the amount of these fees cannot be taken as the measure of punishment or a necessary element in its infliction. It is not necessary to remark that costs were not allowed by the common law; that they are the creatures of statute and regulated by statute, and are administered by the court without the aid of a jury. We have a general fee bill, applicable to all cases, allowing to the prevailing party certain sums by way of indemnity for *his expenses in the action.* (*Code,* § 303.) These sums are such as the legislature supposed would be a reasonable indemnity in cases generally. Provision is also made for additional allowance in difficult or extraordinary cases. This provision is to be executed by the court. It is a matter with which the jury have no concern. Shall the plaintiff be permitted to go to the jury for an allowance by way of damages of the costs and expenses incurred by him, not taxable, and after obtaining a liberal allowance from the jury apply to and obtain from the court an additional allowance by way of per centage upon the verdict? If the plaintiff is to recover damages for his counsel fees and extra expenses when he succeeds, to make the rule reciprocal, he ought to pay the defendant's counsel fees and extra expenses when he fails in his suit. The law however has provided no remedy for the defendant beyond his taxable costs, except the partial remedy of an application to the court for an additional per centage allowance; unless, which rarely happens, the defendant can show that the action against him was malicious, and without probable cause, and then he must resort to his action. (*See remarks of Grier, J. in Day* v. *Woodworth, above cited, pp.* 372, 373.)

Let us recur to the rule that the damages must be the natural legal result of the injury complained of; that they must be proximate, not remote or contingent, and it seems to me that a little reflection will satisfy us that the expenses incident to the trial are not a proper item for the consideration of the jury, in ascertaining the damages. They are too remote and contingent.

The plaintiff sustained the injury before the action was commenced, and was entitled to her full measure of damages ; not having however employed counsel or been put to any expense, clearly she could not have estimated expenses therein as an item. Now suppose at this point the defendant should have admitted the cause of action and should have entered into a covenant to pay the plaintiff all the damages she had sustained or might sustain, and the action had then been brought upon the covenant; or suppose the plaintiff and defendant had agreed upon the damages, and the defendant had given his note, which he refused to pay at maturity, and she had been compelled to sue upon the note, it would not, as I understand, be pretended that she could recover in damages, by the verdict of the jury, the extra expenses of the litigation, and yet she is put to extra expenses by the breach of the agreement, and so in all litigated actions upon contract. In every action for a breach of contract when the litigation requires an expenditure on the part of the plaintiff beyond the taxable costs, such expenses are a damage consequent upon the breach of the contract. In every action for a breach of contract, when the litigation involves the plaintiff in expenses beyond the taxable costs, such expenses are a damage to him, and these damages have been occasioned or rendered necessary by the breach of the defendant's contract. They are as consequential, as certain, as proximate as in actions of tort ; and in my opinion quite as *legal*. In principle there is no reason for a distinction. It is only claimed that the rule should be applied in actions of tort, where the defendant has acted from malice or with oppression or insult, &c. when the jury may give vindictive damages. It has nothing to do with the question of vindictive damages. The jury may give them whether the plaintiff has been put to any costs or charges, not taxable, or not, and upon principles, certainly, aside from those upon which consequential damages are given, and when referred to the latter principles there is no reason for any distinction between actions upon contract and for torts. If the trial by jury is to be preserved, (and I trust it will be,) it is important that the issues

Hicks *v.* Foster.

presented to a jury be as few and simple as possible, and the rules touching the damages, when they have passed upon the controlling issues, should be capable of application, and see that the principle upon which they are founded may be explained by courts and understood by juries.

A new trial should be granted; costs to abide the event.

[NIAGARA GENERAL TERM, February 7, 1853. *Taggart, Marvin* and *Mullett*, Justices.]