HART *et al. v.* METROPOLITAN EL. R. Co. *et al.*

(*Common Pleas of New York City and County, General Term.*  December 2, 1889.)

1. ACTION—MISJOINDER—TORT AND CONTRACT.
   In an action for damages, occasioned by the erection and maintenance of an elevated railroad in front of plaintiffs' premises, it is an improper joinder of causes of action to unite in the same complaint a charge against defendant company for trespass and tortious invasion of easements with a charge against defendant sureties on a bond conditioned for the payment of such damages as might be assessed by the final judgment of a court of competent jurisdiction.

2. PARTIES—JOINDER—EXECUTOR AND DEVISEE.
   The executors and devisees of the deceased owner of such premises cannot join in such complaint, as the action is one at law, and the executors sue for loss of rent during testator's life, while the devisees sue for the permanent injury to the freehold.  DALY, J., dissenting.

3. SAME—BENEFICIARY UNDER VOID TRUST.
   Where deceased attempted to create a trust by his will, which trust is void, and operates to vest the legal estate to a share of the premises in the intended beneficiary, she is a necessary party to such action.

Appeal from special term.

Action by Julian B. Hart and others, individually and as executors of and trustees under the will of Benjamin I. Hart, deceased, against the Metropolitan Elevated Railway Company, the Manhattan Railway Company, its assignee, and José F. Navarro and John Baird, their sureties, for damages occasioned by the erection and maintenance of an elevated railroad in front of plaintiffs' premises.  From an order overruling a demurrer to the complaint, defendants appeal.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

*Davies & Rapallo,* (*Edward S. Rapallo* and *Brainard Tolles,* of counsel,) for appellants.  *Morrison & Kennedy,* (*H. Morrison* and *L. J. Morrison,* of counsel,) for respondents.

LARREMORE, C. J.  This is an appeal from an order overruling a demurrer interposed by defendants to the plaintiffs' complaint, and an interlocutory judgment entered upon such order.  The action is one at law, brought to recover damages by reason of the erection and maintenance of the elevated railroad.  One Benjamin I. Hart owned the real estate in question at the time when the Gilbert Elevated Railroad first proposed to construct such road on Sixth avenue, and he died seised of such premises before the commencement of this suit.  On or about the 7th day of December, 1877, the said the Gilbert Elevated Railroad, whose name has since been changed to the "Metropolitan Elevated Railway Company," executed a bond to said Benjamin I. Hart, upon which the defendants Navarro and Baird were sureties, and in and by which said company bound itself to pay, or cause to be paid, to said Hart "any sum which, by the final judgment or order of a court of competent jurisdiction, shall be adjudged or directed to be paid to him, as damages to said premises, by reason of the taking of the Sixth avenue in front of the said premises for the purposes of said road."  No judgment or award has ever been made by any court for or on account of said damages, and the present suit is the first proceeding which has been instituted to recover or assess the same.  It is quite evident that the plaintiff has attempted to unite a cause of action on tort with one on contract.  The claim against the Manhattan Railway Company is for trespass and tortious invasion of easements.  The claim against Navarro and Baird is on a sealed obligation for the payment of money.  Clearly, defendants' demurrer should be sustained on this ground.  It is true that the cause of action against Navarro and Baird is not completely alleged in said complaint.  It is, moreover, the fact that such cause of action has not yet arisen, and does not actually exist, because no damages have ever been ascertained or awarded in the manner provided for by the bond, and therefore such bond has never become operative.

But these considerations are immaterial upon the present application. The declaration is on a sealed instrument for the payment of money, and the technical rules of pleading are all that can be considered upon this branch of the demurrer.

We think this omnibus complaint is also demurrable on another of the grounds raised. It must be remembered that this action is not on the equity side of the court, and that both parties concede that it is a suit at law. There are joined as parties plaintiff both the executors and the devisees of the original owner. The devisees are, undoubtedly, in a proper action, authorized to sue for the permanent damage to the fee of the land. The executors of the deceased owner are permitted by statute to sue for the aggregate loss of rents during the testator's life; but, under the rules of pleading, they should bring separate actions to establish their respective rights. The manner in which this is practically raised on demurrer is by an objection to the complaint on the ground of misjoinder of parties plaintiff. Both the executors and the devisees may have separately good causes of action against the defendant; but the capacities in which they must sue are in law as distinct as if they were actually different persons. The point will undoubtedly be made that in various actions the practice now under consideration has been approved. The ground taken with regard to that class of cases is that when the suit is brought for an injunction, and it incidentally demands indemnity for damages both past and present, such suit shall be taken as an action generally founded upon and affecting the title to real estate. See the opinion in *Sanders* v. *Railroad Co.*, *ante*, 641, (general term of this court, November, 1889.) The arguments adduced in that case do not apply in an action of the present character; and we see no reason for allowing here a conglomeration of causes of action in the same suit by separate plaintiffs, merely because they are against the same defendant.

Still a third point may be noticed briefly. As far as the suit of the devisees is concerned, there is a defect of parties plaintiff, in that the name of Mary H. Dessau, individually, is omitted. The allegation of the complaint with regard to her individual interest shows that in the will there was an attempt to create a trust for her benefit, which trust is clearly void, and the effect of which is to vest the legal estate to her share of the property in her. She would therefore be a necessary party plaintiff in an action to recover damages for the permanent injury to the fee.

The judgment and order appealed from should be reversed, and the demurrer should be sustained, with leave to the plaintiff to amend upon payment of costs.

DALY, J. I concur with the chief justice that the demurrer should be sustained on the ground that two causes of action—that is to say, one upon contract and one for a tort—have been improperly united; also that the complaint does not state facts sufficient to constitute an action upon the bond, because no damages have ever been awarded to the obligee. But, if these objections did not exist, I think that a recovery at law for damages might be had by these plaintiffs, who are suing as devisees as well as representatives of the deceased owner in this action, in which they claim the damages accruing up to the death of the testator, and these sustained by them individually since his death, under the authority of *Armstrong* v. *Hall*, 17 How. Pr. 76. But in its present shape the complaint is demurrable, and the order should be reversed and demurrer sustained, with leave to amend on payment of costs.

VAN HOESEN, J., concurs.