MATTLAGE *v.* NEW YORK EL. R. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. ELEVATED RAILROADS—MAINTENANCE OF STRUCTURE—CUMULATIVE DAMAGES.
   In an action against an elevated railroad company for damages caused by the maintenance of its station opposite plaintiff's premises, the court, after allowing damages for the rental value, erred in also allowing damages for extra consumption of gas caused by the obstruction of plaintiff's light; the allowance for damages to the rental value having been based principally on the loss of light.

2. SAME—LEGAL EXPENSES.
   Plaintiff's legal expenses, in such case, not being such damages as naturally result from the maintenance of the structure, and not having been alleged as matter of special damage, the court erred in admitting evidence of the same.

3. SAME—COUNSEL'S FEES ON APPEAL.
   Counsel's fees paid for arguing an appeal involving the right to maintain the station in question, though properly pleaded as matter of special damage, could not be allowed as damages in this action.

4. SAME—WITHDRAWING APPEAL—EXEMPLARY DAMAGES.
   The fact that defendants, in a prior action involving their right to maintain the structure, took an appeal to the general term of the court of common pleas, and then to the court of appeals, and withdrew the latter appeal when it was about to be reached, was no such evidence of want of good faith as to justify the jury, in this action, in awarding exemplary damages against defendant for maintaining the structure.

Appeal from trial term.

Action by Charles F. Mattlage against the New York Elevated Railroad Company and another. From a judgment for plaintiff, defendants appeal. For prior report, see 11 N. Y. Supp. 482. Affirmed, after modification.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellants. *Charles D. Ridgway,* for respondent.

BOOKSTAVER, J. This action was brought to recover damages which plaintiff claimed he had sustained by reason of the maintenance of a station on the line of the defendant's elevated railway in Warren street, west of the westerly line of Greenwich street, from July 28, 1884, to April 22, 1889. There had been a former adjudication by this court determining that so much of that station as was westerly of that line was without authority in law, and awarding damages to the plaintiff for the maintenance of that structure in front of his premises. From this an appeal had been taken to the general term of this court, where that judgment was affirmed; and from that affirmance an appeal had been taken to the court of appeals, which was subsequently withdrawn, the defendants paying all the taxable costs. Upon the trial of this action the learned judge who tried the cause directed the jury, in returning a verdict, to separately state the amount of damages, if any, which they awarded the plaintiff—*First,* for gas-bills; *second,* for loss of rental value; *third,* for exemplary damages; *fourth,* for additional labor; *fifth,* for staircase; and, *sixth,* for legal expenses. The jury awarded nothing for additional labor or for putting up staircase, but awarded $50 for gas-bills, $1,000 loss of rental value, 6 cents for exemplary damages, and $450 for legal expenses; and upon the coming in of the verdict, the court directed that judgment be entered thereupon for the aggregate amount of these separate items.

The appellants contend that it was error to allow anything for extra gas-bills paid by plaintiff; and in this we think they are correct, because the loss of rental value, for which damages were awarded, was based principally upon the loss of light. The increased consumption of gas arose from the same cause. The rental value was less, partly, because it was necessary to burn more gas. When, therefore, the learned judge allowed the jury to award the plaintiff damages both for the rental value and the increased consumption of

gas, he, in effect, allowed double compensation for a single injury. We think that the greater included the less, and that this item should be deducted from the judgment as entered.

We also think that, under the pleadings in this case, it was error to allow the item of $450 for the legal expenses incurred by the plaintiff in the prosecution of the appeals in the former action. The objection to the admission of evidence respecting counsel fees upon the appeal from the former judgment was distinctly taken, upon the trial, on the ground that is was not embraced within the issues made by the pleadings. These were not the natural and necessary consequences of maintaining the structure, and fell within what is denominated as "special damages;" and the rules of pleading require that these shall be specifically stated, if recovery is sought for them. An examination of the complaint shows that there is no allegation in regard to the legal expenses of the former action; there was no request made for an amendment of the pleadings; and on this ground alone, we think, the evidence should have been excluded.

But, if this item of damage had been pleaded, we think it very questionable whether there could have been any recovery for it. The "legal expenses" were counsel fees paid Mr. Ridgway for the argument of the appeals. Liability for these must proceed on one of two theories,—either that there was an express or implied contract to pay them, or that they were a part of the damages sustained by plaintiff by reason of defendants' wrongful acts. If on the former theory, then it would have fallen under the condemnation of *Hart* v. *Railroad Co.*, (Com. Pl. N. Y.) 7 N. Y. Supp. 753, where this court held that a complaint alleging a cause of action against an elevated railroad company for damages for the construction and operation of its road, and also a cause of action on a bond given by the company to pay all damages assessed, was bad on demurrer for a misjoinder, as it attempted to unite a cause of action on tort with one on contract. If the liability had been based upon the latter theory, then we know of no rule of law by which a party can recover from his opponent the counsel fees paid on the argument of an appeal by way of damages over and above those allowed as costs, except by virtue of an express contract, as when a bond or undertaking has been given on procuring an injunction, attachment, etc. In any other case, if a party chooses to pay more than the amount allowed by law as costs, he must do so at his own expense. To permit a successful party to bring an action against his unsuccessful opponent to recover the legal expenses of prosecuting a former action would lead to endless litigation; for a third action might be prosecuted to recover the expense of the second, and so on *ad infinitum*. The prosecution of the appeal was an absolute statutory right. The stays pending the appeals were granted by the court in aid of that right. If this was wrong, then the court participated in the wrong. The counsel fees were paid, not for the purpose of having the stays vacated, but for arguing the appeal, and the law has fixed a definite amount of costs to be paid by the unsuccessful party in such case, and this the defendants in the former action have paid. We think that should be the end of the matter. Much was said by the respondent about the delays obtained by the appellants by their appeals, and about their wrongfully continuing the structure in question after the first judgment. But these delays were only such as the law allows and sanctions, and which this court in this case aided the appellants in obtaining by granting the stays, thereby implying that the appeals were not frivolous, but that there was some merit in the appeal. As to wrongfully maintaining the structure after the first judgment, the jury have awarded the plaintiff what in their opinion was fair compensation for the injury thus inflicted on him. In *Bank* v. *Blye*, 123 N. Y. 132, 25 N. E. Rep. 208, the court of appeals held that an action was not maintainable to recover damages for depre-

-ciation in the value of property occurring during the period between the judgment and the determination of an appeal therefrom.

It has long been the settled law of this state that, in actions for torts, counsel fees and other expenses in conducting the suit, not included in the taxed costs, cannot be taken into consideration in assessing damages. *Lincoln* v. *Railroad Co.*, 23 Wend. 425; *Day* v. *Woodworth*, 13 How. 363. The latter action was brought to recover damages for wrongfully pulling down a dam, and the court said: "It is true that damages assessed by way of example may thus indirectly compensate the plaintiff for money expended in counsel fees; but the amount of these fees cannot be taken as the measure of punishment, or as a necessary element in its infliction." In *Hicks* v. *Foster*, 13 Barb. 663, the supreme court held it was error for the judge, in an action for slander, to charge that in awarding damages the jury might take into consideration the expenses to which the plaintiff had been put by being compelled to come into court to vindicate her character. If such expenses cannot be allowed in the original action, we fail to see how they can be made the basis of a subsequent action.

We also think that on the facts in this case there was no question of exemplary damages to be submitted to the jury. The only facts on which to base such damages were that defendants took an appeal first to the general term of this court, and then to the court of appeals, and withdrew the latter appeal when it was about to be reached, from which, plaintiff contended, want of good faith was shown, and that the jury could infer from such a course an intention on the part of the defendants to harass and oppress the plaintiff. But the appeal did not suspend the operation of the injunction. That was done by the order of the court in the exercise of its judicial discretion. From such an order, no cause of action can arise. If the orders were unjust, plaintiff should have appealed from them. The orders were judicial determinations that the appeal presented questions proper for review by the appellate court, and the jury were not at liberty to make any other inference. In an action to recover certain bonds, where the operation of the judgment was suspended by taking an appeal and filing a bond without any order of the court, and compensatory damages only—not punitive—were sought for the depreciation in the value of the bonds, while in defendant's hands, the court of appeals held there could be no recovery, saying: "We think the right of appeal cannot be converted into a tort or wrong, and the delay it produces serve as the basis of a new action, and that the judgment already rendered closed the entire controversy." *Bank* v. *Blye, supra.*

It follows, therefore, that the judgment entered should be reduced by taking therefrom the sum of $500.06, and as modified affirmed, without costs to either party as against the other, as the errors complained of do not necessitate a new trial. All of them occurred after the trial, and consisted in the failure of the court to direct the entry of a proper judgment upon the special findings. Code Civil Proc. §§ 1188, 1189.