RICHARD BISHOP, as Administrator, etc., of CLARA B. HOPKINS, Deceased, Appellant and Respondent, *v.* HELEN E. HENDRICK, Respondent and Appellant.

82 323
146a 398
82h 323
82 AD² 46
82 AD²196

*Administrator's action to recover property — counsel fees not recoverable as damages — what constitutes a conversion — proceedings in aid of a decree are motions — costs of an action not allowable therein.*

An action was brought by the administrator of an estate to compel the defendant therein, wrongfully in the possession of property belonging to the estate, to deliver the possession of the same to the administrator, and to account for and pay over the value of such property as had been lost to the estate, and defenses were interposed by the defendant.

*Held,* that by making such defenses and by resisting, although wrongfully, the efforts of the administrator to get possession of the property, the defendant did not subject herself to the liability of paying all the expenses such administrator might see fit to incur, and that the defendant was not liable for any counsel fees incurred by the administrator in the prosecution of such action other than the amount of the taxable costs nor any extra allowance granted therein.

There is no rule of law by which a party can recover from his opponent, by way of damages, the counsel fees paid on the argument of an appeal over and above those allowed as costs, except by virtue of an express contract, as for example when a bond or undertaking has been given on procuring an injunction or attachment. In any other case, if the party chooses to pay more than the amount allowed by law as costs, he must do so at his own expense.

The mere fact that a person claims certain money or notes does not amount to a conversion thereof if neither the money nor the notes ever came into his possession. Any unlawful exercise or claim of dominion over goods by words, if the speaker has the goods in his power, is a tortious taking thereof, but a mere claim without authority or dominion is not a conversion.

Where a decree entered in an action upon the report of a referee is the final judgment therein, and the proceedings subsequently taken are only in aid of such decree, such subsequent proceedings are in the nature of a motion for which full costs of an action cannot be imposed.

CROSS-APPEALS by the plaintiff, Richard Bishop, as administrator, etc., of Clara B. Hopkins, deceased, from portions, and by the defendant, Helen E. Hendrick, from the whole of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 12th day of July, 1894, upon the report of a referee, also an appeal by both parties from portions of an order of the Supreme Court, entered in said clerk's office on the 12th day of July, 1894, modifying the report of the said referee and confirming the same as modified.

*John C. Keeler*, for the plaintiff, appellant and respondent.

*Louis Hasbrouck* and *D. G. Griffin*, for the defendant, respondent and appellant.

MAYHAM, P. J. :

In March, 1885, Clara B. Hopkins died, being at the time of her death a resident of St. Lawrence county.

Shortly thereafter Louis A. Scott, her nephew, presented to the surrogate of that county, for probate, a paper purporting to be her last will and testament. The probate was contested, and on the 12th of April, 1886, the surrogate decided that the alleged will was not valid, and refused to admit it to probate. From that decree an appeal was taken to the General Term, where the surrogate's decree was affirmed, and the same was also affirmed on appeal to the Court of Appeals.

After the will was refused probate, letters of administration were issued to this plaintiff, who qualified and entered upon the discharge of his duties as such administrator.

After the appointment of the plaintiff as administrator, he commenced an action in the Supreme Court against the defendant to

recover the personal property of the decedent, which was in the possession of the defendant, which she claimed to own under and in pursuance of an executed gift which she claimed was made by the deceased shortly before the alleged execution of the will, which had been adjudged invalid. That action was tried before a referee, who reported in favor of the plaintiff, upon whose report a judgment was entered against the defendant for the delivery of the property to the plaintiff, and restraining the defendant from any further interference with or disposition of the same except to turn it over to the plaintiff, and also that the plaintiff recover a money judgment for the damage sustained by the plaintiff for the withholding of the possession of the property to be ascertained by a reference on an accounting by the defendant, and that the plaintiff recover judgment for costs in the action.

This judgment was appealed to the General Term and Court of Appeals, in both of which courts it was affirmed.

The plaintiff demanded of the defendant the money and property adjudged in this action to belong to him as administrator, which demand the defendant refused to comply with, and for such refusal the plaintiff instituted proceedings against the defendant for contempt, on which proceedings the defendant was adjudged guilty of a contempt of court, and an order was made that an attachment issue against her to bring her into court for punishment for such contempt, but before such attachment was served the defendant left the State and passed out of the jurisdiction of the court issuing the same. Some of the property belonging to the estate of Clara B. Hopkins, deceased, was in the possession of Louis A. Scott, and was claimed both by the plaintiff as administrator and the defendant as donee of the deceased.

In an interpleader brought by Scott against the plaintiff and defendant such property was, by a judgment of the Supreme Court entered on the 3d day of May, 1893, adjudged to belong to the administrator as such. There was also money belonging to the estate in the Bank of Gouverneur, which was claimed in like manner by the plaintiff and defendant, for which the bank prosecuted an action of interpleader against the plaintiff and defendant, in which action it was adjudged that the same belonged to the plaintiff and for which the plaintiff recovered judgment against the defendant for damages and costs,

the judgment for which was entered in the Lewis county clerk's office on the 3d day of May, 1893. The case shows that the recovery and taxable costs in these interpleader actions were paid over to the plaintiff.

The balance of the estate of the deceased still remained in the possession of the defendant, or the executor of Phelps, the surety on the defendant's bond, on appeal, and the defendant having left the State the plaintiff brought an action in equity to reach the estate in the hands of the executor of Phelps, making the defendant a defendant therein, on whom a substituted service was made. Pending that action and a motion for the appointment of a receiver, the executor of Phelps consented to surrender to the plaintiff the securities held by him and the defendant in this action, and the equity action seems to have been abandoned on an order therein being entered on stipulation, which order provided as follows :

" *First*. That the injunction herein be continued, with liberty to either party to apply for its vacation upon the fulfilling of the conditions of this order.

" *Second*. That the application for a receiver be postponed, with liberty to renew in case the conditions of this order are not complied with.

" *Third*. That the defendant Miller and his co-executors, Spencer and Phelps, forthwith deliver to John C. Keeler, attorney. for the plaintiff, the tin box of securities held by Mr. Miller and received from Mrs. Hendrick by him.

" *Fourth*. That Joseph McNaughton, Esq., of Ogdensburg, be appointed in proper proceedings under the judgment in action No. two of Richard Bishop, administrator, against Helen E. Hendrick, to take the accounting provided for by that judgment.

" *Fifth*. Upon such reference either party, after thirty days, may notice the hearing before the referee, and such hearing shall proceed with reasonable diligence.

" *Sixth*. The delivery of the tin box of securities is a condition precedent to the reference taking effect."

Pursuant to such order of reference, the referee, after taking the testimony offered by the respective parties, on the 17th day of January, 1894, made and filed his report stating in detail the various items found by him belonging to the estate of Clara B. Hopkins at

the time of her death, and their reception by this defendant, Helen E. Hendrick, and the disposition of the same by her, and also the sum which she should pay as damages on account of the use and disposition thereof as directed by the judgment referred to in the order of reference.

The referee recited in his report the various actions and proceedings between the plaintiff, as administrator, and the defendant, Helen E. Hendrick, in relation to the personal property of the deceased, and somewhat in detail the services rendered by several attorneys employed by the plaintiff in the prosecution of the various actions and proceedings between the parties to that action in reference to the property of the deceased, and summarized and reported the damages as follows:

"I find that the defendant should pay to the plaintiff for damages on account of her use and disposition of the personal property of Clara B. Hopkins, which came to her possession as aforesaid, the following sums:

| | |
|---|---:|
| The value of said schedule property............... | $1,658 45 |
| Interest since March 26, 1884, to this date.......... | 876 13 |
| The principal of said Hurd note.................. | 100 00 |
| Interest from March 26, 1884, to date of this report.. | 58 82 |
| The principal of said Godard notes............... | 500 00 |
| Interest from January 27, 1885, to date of this report, on $300 ........................................ | 161 50 |
| Interest from January 20, 1885, on $200, to date of this report................................... | 107 90 |

"The sums adjudged in said interpleader action, Scott, plaintiff, as follows:

| | |
|---|---:|
| To Scott, plaintiff............................... | 197 75 |
| To Bishop, defendant........................... | 109 30 |
| The sum paid to John McCartin................... | 148 62 |

And interest from date of this report.

"The sums adjudged in said interpleader action, Bank of Gouverneur, plaintiff, as follows:

| | |
|---|---:|
| To Bishop, defendant, as damages ................ | 212 28 |
| To Bishop, defendant, for costs and disbursements.. | 104 47 |
| Interest ($316.75) from the 1st day of June, 1893, to date of this report............................ | 11 96 |

| | | |
|---|---:|---:|
| Services and disbursements of Attorney Joseph George in said action | $311 | 00 |
| Services of John C. Keeler, as counsel | 50 | 00 |

And interest from the date hereof.

| | | |
|---|---:|---:|
| The value of the services of Leslie W. Russell, as counsel in this action | 1,250 | 00 |
| Disbursements made by him and interest from date hereof | 14 | 00 |

"The value of the services of John C. Keeler, as attorney for the plaintiff, besides taxable costs, as follows:

| | | |
|---|---:|---:|
| Up to the entry of judgment on the report of the referee, A. X. Parker | 500 | 00 |
| For entry of such judgment to the time of perfecting the order of the Court of Appeals | 700 | 00 |
| For the perfecting of said order to the time of the order of reference for this accounting | 250 | 00 |
| In preparing for this accounting and conducting the same to August 24, 1893 | 350 | 00 |
| The disbursements made by John C. Keeler, as aforesaid | 196 | 16 |

With interest from the date hereof.

| | | |
|---|---:|---:|
| The value of the services of Lawrence Russell, as aforesaid | 133 | 00 |
| Disbursements made by and interest from date hereof. | 46 | 64 |
| The value of the services of Joseph George, as attorney as aforesaid, as his disbursements in this action, | 219 | 10 |

With interest from date hereof.

| | | |
|---|---:|---:|
| The value of the services of P. R. McMonagle, stenographer, as aforesaid | 12 | 00 |

With interest from the date hereof.

| | | |
|---|---:|---:|
| The amount of disbursements made as aforesaid by Paul B. Clark, with interest from the date hereof, | 217 | 36 |

"*January* 17, 1894.

"J. W. McNAUGHTON,

"Fees, $228. *Referee.*"

The plaintiff excepted as follows to the referee's refusal to find as requested by plaintiff's attorney:

" Take notice : That the plaintiff hereby excepts to the omission of the referee, McNaughton, to find and report that plaintiff recover of defendant interest on the items of money collected on Texas notes and remaining in the Black River Bank at Lowville, during the pendency of the interpleader action instituted against defendant and plaintiff by Scott, to wit : On $1,255.64 from May 29th, 1889, to January 17th, 1894; on $445.00 from June 28th, 1889, to January 17th, 1894; on $1,344.08 from August 5th, 1890, to January 17th, 1894; on $964.27 from November 8th, 1890, to January 17th, 1894; on $1,340.60 from August 11th, 1891, to January 17th, 1894, and on $199.00 from July 19th, 1892, to January 17th, 1894.

"Also, to the omission of said referee to find and report that plaintiff recover $5,095.78 on account of moneys received by Scott for sale of Texas lands and interest thereon from March 26, 1884, to January 17th, 1894.

" Also, to the omission to find the sum of $96.00 for services of Joseph George, rendered upon said trial before said referee, and report that plaintiff recover such sum.

" Also, to the omission of said referee to find and report in favor of plaintiff a recovery of $350.00 for services of said Keeler, from August 4th, 1894, and $25.00 for disbursements.

" Also, to the omission to report that plaintiff recover the referee's fees, $228.00, and stenographer's fees, $193.63.

" Also, the disbursements of plaintiff for expert testimony of witnesses Safford, Gilmore and Lawrence, and disbursements."

The defendant excepted to the finding of the referee as follows :

" Take notice : That the defendant, Helen E. Hendrick, hereby excepts to so much of the report of the referee herein, Joseph McNaughton, Esq., dated January 17, 1894, and with a copy of which the defendant's attorney has been duly served the 8th day of February, 1894, and is embraced in the following reference to said report, to wit :

" I find that the defendant should pay to the plaintiff for damages, on account of the use and disposition of the personal property of Clara B. Hopkins, which came to her possession as aforesaid, the following sums :

" 1st. The sums adjudged in said interpleader action, Scott, plain-

tiff, as follows: To Scott, plaintiff, $197.75; to Bishop, defendant, $109.30; the sum paid to John McCartin and interest from the date of this report, $148.62.

"2nd. The sums adjudged in said interpleader action, Bank of Gouverneur, plaintiff, as follows: To Bishop, defendant, as damages, $212.28; to Bishop, defendant, for costs and disbursements, $104.47; interest ($316.75) from the first day of June, 1893, to date of this report, $11.96.

"3rd. To services and disbursements of attorney, Joseph George, in said action, $311.00; services of John C. Keeler as counsel and interest from the date hereof, $50.00.

"4th. The value of the services of Leslie W. Russell, as counsel in this action, $1,250.00; disbursements by him and interest from the date hereof, $14.00.

"5th. The value of the services of John C. Keeler, as attorney for the plaintiff, besides taxable costs, as follows: Up to the entry of judgment on the report of the referee, A. X. Parker, $500; from entry of such judgment to the time of perfecting the order of the Court of Appeals, $700.00; for the perfecting of said order to the time of the order of reference for this accounting, $250.00; in preparing for this accounting and in conducting the same to August 24th, 1893, $350.

"6th. The disbursements made by John C. Keeler, as aforesaid, with interest from the date hereof, $196.16.

"7th. The value of the services of Lawrence Russell, as aforesaid, $133.00; disbursements made by him and interest from the date hereof, $46.64.

"8th. The value of the services of Joseph George, as attorney as aforesaid, and his disbursements in this action, with interest from the date hereof, $219.10.

"9th. The value of the services of P. R. McMonagle, with interest from the date hereof, $12.00.

"10th. The amount of disbursements made as aforesaid by Paul B. Clark, with interest from the date hereof, $217.36."

On the report of the referee, and the exceptions of the respective parties taken thereto, and the affidavits and claims referred to in the notice of motion, the plaintiff moved at Special Term on the following notice for confirmation of the report and for judgment:

" Take notice : That upon the annexed affidavit of John C.
Keeler, sworn to February 5th, 1894, the affidavit of Paul B. Clark,
sworn to Jan. 31st, 1894, the plaintiff's exception to the report
of Joseph McNaughton, referee, the report of said referee, dated
January 17th, 1894, copies of which are herewith served upon you,
and upon the evidence taken by and before said referee on the
hearing had before him, as referee, and upon the order of reference
to said referee, and upon all the papers and proceedings had on such
reference and in this action by and before said referee, the plaintiff
will move this court, at a Special Term thereof to be held at the
Court House, in Schenectady, N. Y., on the 27th day of February,
1894, at the opening of court on that day, or as soon thereafter as
counsel can be heard, for an order confirming said referee's report
as to the items of damages therein found, and for an order allowing
to plaintiff interest on the various sums of money collected on said
Texas notes and deposited in the Black River Bank at Lowville, as
in said exceptions stated ; also allowing to said plaintiff the sum of
$96.00 for services and disbursements of Joseph George, as in such
exceptions stated ; for the allowance to said plaintiff of the sum of
$375.00 for further services and disbursements of John C. Keeler
on said reference, in addition to the items reported by said referee ;
also for the allowance of $228.00 for the fees of said referee upon
such reference, and the sum of $193.68 for stenographer's fees, and
$130.92 for witnesses' fees, on such reference ; also that the evi-
dence of Louis A. Scott be stricken out of the evidence taken
before said referee, according to the motion made by plaintiff at the
hearing before said referee November 8th, 1893, at Ogdensburg,
and that there be allowed to plaintiff the sum of $5,095.78, and
interest thereon from March 26th, 1885, on said sum on account of
moneys collected by said Scott on account of lands in Texas sold
pursuant to the contract, Exhibit 6 in evidence as such on said
reference, dated November 30, 1881, executed by said deceased and
Louis A. & Warren L. Scott, and that a judgment awarding in
favor of plaintiff, and against said defendant, the before-mentioned
sums, together with the items reported by said referee, and interest
thereon from January 17, 1894, be entered in this action at the foot
of the judgment entered herein March 21st, 1891, as the damages
which defendant should pay the plaintiff on account of the recep-

tion, use and disposition of the personal estate of deceased by plaintiff, and that plaintiff have such other and further relief in the premises as shall be just."

On the hearing of such motion the Special Term made the following order:

"It having been referred to J. McNaughton, Esq., as referee herein, to take the accounting of the defendant Hendrick as to the personalty of the plaintiff's intestate, Clara B. Hopkins, and to estimate and report the damages sustained by the plaintiff herein, and the referee having made his report dated the 17th day of January, 1894, and the plaintiff and defendant having severally duly filed exceptions thereto, and said matter coming on to be heard at this above-entitled term:

"Now, upon the report of said referee, the exceptions filed thereto, the affidavit of John C. Keeler, verified February 1st, 1894, the affidavit of P. B. Clark, verified January 31st, 1894, with schedule annexed, and upon the pleadings and judgment herein, and the testimony taken before said referee, and after hearing Mr. Keeler for the plaintiff and Mr. Griffin for the defendant, and it being conceded that the plaintiff may recover the stenographer's and referee's fees herein:

"It is ordered that the first, second and third exceptions of the defendant to the said report be and the same are hereby overruled and not allowed, being the exceptions to so much of said report as awards the several sums as adjudicated by the interpleader actions and the services and disbursements of Joseph George on said action and to counsel therein.

"That the fourth, fifth, sixth, seventh and eighth exceptions of the defendant to said report, being to such portions as allow counsel fees and disbursements in this action, other than such as are taxable herein to the plaintiff herein, be and the same are hereby sustained, as well as the tenth exception for the disbursements of Paul B. Clark.

"And it is further ordered that the first exception of the plaintiff herein, being to so much of said report as refuses to allow interest upon the sums paid into the bank, and before they were paid to the plaintiff under the interpleader judgment, be and the said exception is allowed and sustained, as well as the exception of the plaintiff to the recovery of the referee's and stenographer's fees herein.

" And it is ordered that the said report be and the same is modified in accordance with this order, and as so modified hereby confirmed, with $10 costs.

" The fourth, fifth, sixth, seventh and eighth exceptions of the defendant, being such as and all said exceptions that relate to the allowance of counsel fees and disbursements in this action as are not taxable, are disallowed upon the sole ground that the court has not power to award or allow counsel fees and disbursements in this action, except such as are properly taxable under the statute; and judgment is directed accordingly in favor of the plaintiff, with costs to be taxed, together with an extra allowance of 5 per cent upon the amount recovered.

" Enter in St. L. •                                    M. L. S."

From this order, and the judgment entered thereon, both parties appeal, and each asks to modify or reverse the same so far as it sustains that part of the report of the referee, as to which they respectively excepted.

The first and principal ground of appeal urged by the counsel for the plaintiff, appellant, is that the learned judge at Special Term sustained the exception of the defendant to that part of the referee's report which allows the plaintiff to recover as damages counsel and attorneys' fees for services of eminent counsel engaged on behalf of the plaintiff in the prosecution of the various matters of controversy between the plaintiff and defendant, Helen E. Hendrick, relating to the personal estate of the deceased, over and above the taxable costs and disbursements in such actions and proceedings, and excluded such claims from the plaintiff's recovery in the action.

The reference in this proceeding on an accounting by the defendant was in pursuance of a provision in the judgment in favor of plaintiff against the defendant in this action, which provided that the plaintiff might apply to the court for a reference to compel an accounting. The judgment authorizes a reference " to take an account as to said personalty, and its reception by the defendant, and what she did with it, and also what sum she should pay for damages on account of her use or disposition thereof."

It is insisted that this order conferred no power on the referee to take into account any other damages than such as would be allowed against a person for an ordinary conversion of personal property.

It is quite apparent that the defendant, in seeking to retain this property, the title to which has been adjudged in the plaintiff as administrator, has subjected him, or the estate which he represents, to a large amount of trouble and expense, but the law provides indemnity in the way of costs to be taxed in an action, and in a proper case, to an additional allowance to be recovered by the successful party in a regular proceeding in the action; and while under the order of reference to which we have referred, and under which the referee acted in this case, any damage which within the ordinary and well-settled rules of damages the plaintiff suffered by reason of the conversion of any of this property, and which, in an action of trover or replevin might be recovered, was legally allowable under this order in this action.

But I know of no rule of law that would include extra counsel fees for legal services beyond taxable costs and extra allowances given by the Code of Civil Procedure in an action of this character.

The learned counsel for this plaintiff refers to a class of decisions from which he claims that the expenses and counsel fees rejected by the judge at Special Term may be properly allowed within the principles of the decisions to which he refers. But a careful examination of such decisions discloses that none of them were upon cases like the present.

In *Rose* v. *Post* (56 N. Y. 603) the question arose in assessing damages on a bond given on the granting of a preliminary injunction. The same is true of *Edwards* v. *Bodine* (11 Paige, 226); also, *Troxell* v. *Haynes* (16 Abb. [N. S.] 3). In *Corcoran* v. *Judson* (24 N. Y. 106) the action was on an injunction bond, and was to indemnify the plaintiff for the expense and damage to which he might be subjected by the proposed contestation. The reference was to determine the extent of the defendant's liability under that bond.

In *Northrup* v. *Garrett* (17 Hun, 497) the action was on a bond given on the issuing of an attachment, and the bond was given under the statute to indemnify the party to whom it was given, "to pay all damages and costs which he may sustain by reason of the issuing of such attachment." In *Preuschl* v. *Wendt* (5 N. Y. St. Repr. 429) the action was upon an injunction bond.

In all these cases and cases of a kindred character the damages

were awarded upon the express agreement and undertaking on the part of the defendant to pay the same, and both parties acted under and had a right to rely upon the performance of that agreement by the obligors.

In the case at bar, while it is quite apparent that the conduct of the defendant tended greatly to enhance the expense of the plaintiff, there was no undertaking or agreement on the part of the defendant to indemnify the plaintiff farther than the plaintiff may ordinarily be indemnified in the successful prosecution of an action, or a series of actions, by the costs and allowances awarded to a successful party in the usual method of practice in actions. The action was an ordinary action to compel this defendant, wrongfully in possession of property belonging to an estate, to deliver the possession of the same to the administrator, and account for and pay over the value of such as had been lost to the estate.

The defenses interposed were such as the defendant might legally interpose, subject to the peril of being beaten on the trial, with costs.

She did not, by making these defenses, and by resisting, although wrongfully, the efforts of the plaintiff to get possession of this property, subject herself to the liability of paying the plaintiff all the expenses he saw fit to incur. The principle contended for by the defendant in this case is, we think, well settled by authority. In *Mattlage* v. *N. Y. Elevated R. R. Co.* (17 N. Y. Supp. 537), which was an action for damages brought by an adjoining property owner, the jury, among other things, allowed the plaintiff $450 for legal expenses. The General Term of the New York Common Pleas says: "We know of no rule of law by which a party can recover from his opponent the counsel fees paid on the argument of an appeal by way of damages over and above those allowed as costs, except by virtue of an express contract, as when a bond or undertaking has been given on procuring an injunction attachment, etc. In any other case, if a party chooses to pay more than the amount allowed by law as costs, he must do so at his own expense."

In *Commerce Exchange Nat. Bank* v. *Blye* (123 N. Y. 132) the Court of Appeals held that an action was not maintainable to recover damages for depreciation in the value of property taken in replevin between the entry of judgment and the determination on

appeal, and Judge Finch says: "If that be so, added perils will surround appeals and a prolific source of new actions will come into existence." In *Day* v. *Woodworth* (13 How. [U. S.] 363), which was an action for wrongfully pulling down a dam, the court said: "It is true that damages, assessed by way of example, may thus indirectly compensate the plaintiff for money expended in counsel fees, but the amount of these fees cannot be taken as the measure of punishment, or as a necessary element in its infliction." (*Lincoln* v. *R. R. Co.*, 23 Wend. 425; *Hicks* v. *Foster*, 13 Barb. 663.)

We are, therefore, of the opinion that the trial judge was right in sustaining the defendant's objections and exceptions to the report of the referee in the particulars discussed, and that the court was right in sustaining the report of the referee in omitting to find and report that the plaintiff recover $5,096 on account of moneys received by Scott for sale of Texas lands, and interest from the time of the receipt of the same to the time of the hearing before the referee, or the expense and charges of plaintiff's counsel, except as the same were allowed in the interpleader action at the trial thereof. This money, or the notes representing the same, never came into the defendant's possession, and the mere claiming of them was not a conversion.

The same may be said of the money of intestate in the bank, as to which an interpleader action was prosecuted.

The money never having been reduced to possession by her, her mere claim of ownership did not constitute a conversion. In *Connah* v. *Hale* (23 Wend. 466) it was held that an exercise or claim of dominion over goods by words, if the speaker have the goods in his power, is a tortious taking, but it also holds that a mere claim without authority or dominion is not a conversion.

In *Andrews* v. *Shattuck* (32 Barb. 396) it was held that "if at the time the demand was made the goods are in the actual possession of another, and the person from whom the demand is made has not, and never had, any control over them, the fact that he claims the goods and declares that they are his property will not amount to a conversion."

The same was held in *Gillet* v. *Roberts* (57 N. Y. 32), and Earl, J., says in that case that "no cases have yet gone so far as to hold that mere words under such circumstances could constitute a

conversion." If, therefore, it was proper to allow as damage any expense incurred in an action against a defendant for a conversion (which we hold it is not), still, as there was no conversion, no such damages could, in any event, be allowed in these interpleader actions against the defendant for the property sought to be recovered, the title to which was in dispute, and the order as to that branch of the plaintiff's appeal should be affirmed.

Nor do I see how the defendant can be charged with counsel fee and expense of the plaintiff on account of the interpleader action of the Bank of Gouverneur, if we are right in our conclusion, that such fee charges are not proper damages, or in the conclusion that this money was not converted by the defendant, and as the exception by the defendant to that part of the referee's report was overruled by the trial judge and the claim allowed, the order as to that should be reversed.

It was also an error in the trial court to charge the defendant with interest on the money in the bank, the title to which was determined by the interpleader action, as the same, as we have seen, was never in the possession or under the control of the defendant.

The decree entered upon the report of Parker, referee, in this action is, as it would seem, the final judgment in this action, and the proceedings since the entry of that decree are only in aid of that decree, and are, therefore, in the nature of motions, for which full costs of an action cannot be imposed. The proceeding from which this appeal was taken was a motion, and it was error, we think, to allow more than ten dollars as costs of that motion.

Let the order in this case, so far as the appeal of the plaintiff is concerned, be affirmed. Let the order from which the defendant appeals be modified by striking out the allowance of $361 for attorneys' fees and expenses of Joseph George and John C. Keeler. Also, by striking out that part of the same allowing interest against the defendant on the funds recovered by the plaintiff in the interpleader action, brought by the bank. Also, by striking out that part of the order allowing the plaintiff the costs taxable on the trial of an action and an extra allowance on this motion, and substituting in the place thereof ten dollars costs of the motion.

338 PEOPLE ex rel. FOREST COMM. *v.* CAMPBELL.

THIRD DEPARTMENT, DECEMBER TERM, 1894.        [Vol. 82.

As so modified, let the order be affirmed, without costs of this appeal to either party as against the other.

PUTNAM and HERRICK, JJ., concurred.

Order and judgment modified, and as modified affirmed, without costs.