(20 Misc. Rep. 315.)

### CLASON v. NASSAU FERRY CO. et al.

(Supreme Court, Appellate Term. May 28, 1897.)

CORPORATIONS—REFUSING INSPECTION OF STOCK BOOK—DAMAGES.

The liability of a corporation to pay "all damages resulting" to a person from the refusal of the corporation to allow an inspection of its stock book (Laws 1892, c. 688, § 29) does not include costs and counsel fees of a mandamus proceeding by such person to compel an inspection of the stock book.

Appeal from city court of New York, general term.

Action by Augustus Clason against the Nassau Ferry Company and another to recover a penalty of $50, and damages amounting to $513.-22, from defendant corporation and Jarvis C. Howard, its treasurer, under the stock corporation act (Laws 1892, c. 688, § 29), for refusal to allow plaintiff, a stockholder in said corporation, to inspect its books and make extracts therefrom. From an affirmance of a judgment in favor of plaintiff entered on the verdict of a jury (43 N. Y. Supp. 1152), defendants appeal. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

S. Hanford and Shipman, Laroque & Choate, for appellants.

L. Laflin Kellogg, Alfred C. Petté, and Kellogg, Rose & Smith, for respondent.

DALY, P. J. The stock corporation law of this state prescribes that each corporation shall keep in its office correct books of account of all its business and transactions, and a book, to be known as the "Stock Book," containing the names, alphabetically arranged, of all persons who are stockholders of the corporation, showing their places of residence, the number of shares of stock held by them respectively, the day, respectively, when they became the owners thereof, and the amount paid thereon; and that the stock book shall be open during business hours for the inspection of its stockholders and judgment creditors, who may make extracts therefrom; and that the book shall be presumptive evidence of the facts therein stated in favor of the plaintiff in any action against the corporation, or any of its officers, directors, or stockholders; and that if any officer or agent of any such corporation shall neglect or refuse to exhibit such book or books, or allow the same to be inspected and extracts taken therefrom, as provided in this section, the corporation

and such officers or agents shall each forfeit and pay to the party injured a penalty of $50 for every such neglect and refusal, and all damages resulting to him therefrom. Laws 1892, vol. 2, c. 688, § 29, p. 1831.

The only question upon this appeal is whether a stockholder suing for damages under the above statute can recover the costs and counsel fees of mandamus proceedings by which he compelled the corporation and its officers to allow an inspection of the books. The trial court allowed the plaintiff $513.22 for the legal expenses of maintaining those proceedings, but the current of authorities is against such a recovery; counsel fees and expenses incurred by the plaintiff in the prosecution of one action not being recoverable in another action against the same party, the statutory costs and allowance awarded a successful party in an action being deemed in law a sufficient indemnity for the prosecution or defense of his right therein. The case is different where a bond is given upon obtaining an injunction, attachment, and the like, to indemnify a defendant against damage from an unfounded prosecution of such remedies. There may be little ground for the distinction, since the injured party is as much forced to resort to law by the refusal of his adversary to accord his rights as he is by being compelled to defend an unjust action; but the courts have invariably made the distinction for a good reason,—to diminish the burdens and uncertainty of litigation, —and the law may be regarded as settled. Stewart v. Sonneborn, 98 U. S. 187; Hicks v. Foster, 13 Barb. 663; Bishop v. Hendrick, 82 Hun, 323, 31 N. Y. Supp. 502. In the case last cited, damages were claimed under the statute which allows a recovery against an executor de son tort of all damages caused by his act to the estate of the deceased. 2 Rev. St. p. 449, § 17. It was sought to recover the legal expenses of certain actions and proceedings against the defendant for wrongfully withholding property, resisting proceedings for contempt and actions of interpleader, but it was held that they could not be recovered, the court saying:

"The law provides indemnity in the way of costs to be taxed in an action, and, in a proper case, to an additional allowance, to be recovered by the successful party in the regular proceeding in the action; and while, under the order of reference to which we have referred, and under which the referee acted in this case, any damage which, within the ordinary and well-settled rules of damages, the plaintiff suffered by reason of the conversion of any of this property, and which, in an action of trover or replevin, might be recovered, was legally allowable under this order in this action. But I know of no rule of law that would include extra counsel fees for legal services, beyond taxable costs and extra allowance given by the Code of Civil Procedure in an action of this character."

The court goes on to distinguish actions upon injunction and attachment bonds, and continues:

"In all these cases, and cases of a kindred character, the damages were awarded upon the express agreement and undertaking on the part of the defendant to pay the same, and both parties acted under and had a right to rely upon the performance of that agreement by the obligors. In the case at bar, while it is quite apparent that the conduct of the defendant tended greatly to enhance the expense of the plaintiff, there was no undertaking or agreement on the part of the defendant to indemnify the plaintiff further than the plaintiff may ordinarily be indemnified in the successful prosecution of an action, or a

series of actions, by the costs and allowance awarded to a successful party in the usual method of practice in actions." Case affirmed in the court of appeals on the opinion below. 146 N. Y. 398, 42 N. E. 542.

The case of Mattlage v. Railroad Co. (Com. Pl.) 17 N. Y. Supp. 537, was referred to in the above opinion, and the ruling of the general term of the common pleas quoted with approval:

"We know of no rule of law by which a party can recover from his opponent the counsel fees paid on the argument of an appeal, by way of damages, over and above those allowed as costs, except by virtue of an express contract, as when a bond of indemnity has been given on procuring an injunction, attachment, etc. In any other case, if a party choses to pay more than the amount allowed by law as costs, he must do so at his own expense."

In an action against one usurping an office, when the statute allows damages sustained in consequence of this usurpation, it has been held that counsel fees and expenses incurred in ousting the defendant from office cannot be recovered in an action for such damages. Palmer v. Darby, 2 Ohio, N. P. 416. The statute which awards damages for refusal to permit inspection of books is not broader nor more comprehensive than that which allows the recovery of damages against an executor de son tort, or against one usurping an office; and it would seem, therefore, that the allowance of damages by statute does not give as broad a right of recovery as is afforded by contracts of indemnity in injunction and attachment bonds. Legal expenses are recoverable as damages when incurred in proceedings taken by the injured party to prevent or reduce the damage which he would incur by the continuance of the wrong which he has abated by resort to such proceedings. Expenses incurred to prevent or lessen damages are recoverable as damages. Suth. Dam. § 88; Sedg. Dam. §§ 215, 437, 948; Hoffman v. Ferry Co., 68 N. Y. 386; Jewelers' Agency v. Rothschild, 6 App. Div. 499, 39 N. Y. Supp. 700. The latter case illustrates the rule and its limitations. In an action to punish defendants for contempt in violating an injunction against a certain publication, the expense of a new injunction which the plaintiff had to sue out against a corporation organized by the original defendants, to prevent the continuance of the publication, was included in the fine inflicted upon defendants for disobeying the original injunction. In that case the legal expenses allowed were incurred in an action brought expressly to restrain a continuance of the damage, and for no other purpose. The mandamus proceeding of this plaintiff was not instituted with that object, although it might have directly effected it, yet there is no evidence in the case that any continuing damage was thereby prevented. In a general sense, most, if not all, legal proceedings are taken with that object, or have that result; but I apprehend it is only where the litigation is for the specific purpose, as in the case of injunction, that the rule above referred to will be applied.

The judgment appealed from should be modified by reducing the recovery to $50, and affirmed for that amount, without costs of this appeal, or of the general term of the city court, to either party. All concur.